# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued April 19, 2010          Decided July 6, 2010

No. 08-5379

JUDICIAL WATCH, INC.,
APPELLEE

v.

BUREAU OF LAND MANAGEMENT,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:07-cv-01570-RCL)

*Michael E. Robinson*, Attorney, U.S. Department of Justice, argued the cause for appellant. With him on the briefs was *Leonard Schaitman*, Attorney. *R. Craig Lawrence*, Assistant U.S. Attorney, entered an appearance.

*Michael Bekesha* argued the cause for appellee. With him on the brief were *Paul J. Orfanedes* and *James F. Peterson*.

Before: HENDERSON, TATEL and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: The Bureau of Land Management appeals an award of attorneys' fees to Judicial Watch, Inc. in an action brought under the Freedom of Information Act. For the reasons set forth below, we reverse the decision of the district court and vacate the fee award.

**I.**

In March 2007, Judicial Watch requested records of communications between the Bureau and the Nevada congressional delegation about a transaction involving federal lands. When the Bureau failed to produce the documents, Judicial Watch sought to compel their disclosure in a FOIA suit filed in the district court in September 2007. The Bureau voluntarily turned over thirty-five pages of responsive documents later that month. At Judicial Watch's request, the Bureau also conducted a supplemental search for additional relevant documents. When that search proved fruitless, Judicial Watch elected not to proceed with its lawsuit. In January 2008, the parties filed a joint stipulation asking the district court to enter a judgment in favor of the agency. In the stipulation, Judicial Watch reserved the right to request attorneys' fees.

On December 31, 2007, after the Bureau's disclosure of the requested records but before the filing of the stipulation, the President signed into law the OPEN Government Act of 2007. *See* Pub. L. No. 110-175, 121 Stat. 2524 (codified at 5 U.S.C. § 552 (Supp. III 2009)) [hereinafter 2007 Act]. Before the 2007 Act took effect, only FOIA plaintiffs who had "'been awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree," could recover attorneys' fees. *Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy*, 288 F.3d 452, 457 (D.C. Cir. 2002); *see Davis v. DOJ*, No. 09-5189 (D.C. Cir. July 6,

2010). The 2007 Act made fee awards permissible not only when the litigation results in "a judicial order, or an enforceable written agreement or consent decree," 5 U.S.C. § 552(a)(4)(E)(ii)(I) (Supp. III 2009), but also when the lawsuit brings about "a voluntary or unilateral change in position by the agency," so long as the FOIA claim is "not insubstantial," *id.* § 552(a)(4)(E)(ii)(II).

After the district court entered judgment for the Bureau, Judicial Watch moved for attorneys' fees. Because Judicial Watch was not eligible for a fee award under the old standard, its motion for attorneys' fees was based on the 2007 Act. The Bureau opposed the motion, arguing that the Act could not be applied retroactively to increase the government's liability for conduct that took place before it became law. The district court disagreed and awarded Judicial Watch $3,605.57. *Judicial Watch, Inc. v. Bureau of Land Mgmt.*, 562 F. Supp. 2d 159, 166–72, 176 (D.D.C. 2008).

While the Bureau's appeal was pending, we held in *Summers v. Department of Justice* that the 2007 Act cannot be applied retroactively. 569 F.3d 500, 503 (D.C. Cir. 2009). The Bureau moved for summary reversal of the district court's decision in light of *Summers*. We denied the motion in order to consider more fully Judicial Watch's argument that applying the new statute to its fee request raised no retroactivity concerns because the parties settled their dispute after the new law took effect. We have jurisdiction to review the award under 28 U.S.C. § 1291. *See Cotton v. Heyman*, 63 F.3d 1115, 1117–19 (D.C. Cir. 1995). Because the temporal scope of a statute is a question of law, our review is de novo. *Trout v. Sec'y of Navy*, 317 F.3d 286, 289 (D.C. Cir. 2003).

## II.

At least four events must occur before the government is liable for attorneys' fees under 5 U.S.C. § 552(a)(4)(E)(ii)(II): (1) the plaintiff files a FOIA request with the agency; (2) the agency fails to disclose requested records; (3) the plaintiff sues; and (4) the agency voluntarily or unilaterally changes its position. In this case, as in *Summers*, all four events took place before the 2007 Act became law. But unlike in *Summers*, where the parties settled in 2005, the parties here did not settle their litigation until after the change in the law. Judicial Watch argues that the *Summers* court, by expressly holding that the 2007 Act cannot be applied to cases settled *before* its effective date, 569 F.3d at 503–04, implicitly held that it can be applied to any case settled *after* that date.

The matter is not so simple. *Summers* held that the 2007 Act may not be given retroactive effect, but it did not address the question presented here: whether the Act applies when the agency unilaterally disclosed the requested records before the statute's enactment but the parties' formal settlement came afterwards. We conclude that application of the 2007 Act to these facts would have impermissible retroactive effects.

A statute has retroactive effects if it "attaches new legal consequences to events completed before its enactment." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270 (1994). Applying the 2007 Act to this case would attach a new legal consequence (liability for attorneys' fees) to an event completed before its enactment (the Bureau's disclosure in September 2007). Judicial Watch implicitly concedes as much when it argues that it became eligible for an award of attorneys' fees under the new law when the Bureau disclosed the requested records. *See* Appellee's Br. at 18 ("It was only after Judicial Watch filed the Complaint that BLM released

the responsive documents. . . . [T]his constitutes a voluntary change in position by BLM. . . . Judicial Watch . . . is, therefore, eligible for an award of attorneys' fees."). That assertion undermines Judicial Watch's argument that application of the 2007 Act would not be retroactive because the litigation continued until after the Act became law. The disclosure was last in the chain of events relevant to Judicial Watch's eligibility for attorneys' fees under the new law, and it took place months before the law's enactment. That the parties subsequently settled is without relevance to the Bureau's possible liability for attorneys' fees. And because the fact of the settlement is irrelevant, the timing of the settlement has no bearing upon the question of retroactivity. If the 2007 Act were applied to these facts, it would attach new legal consequences to the Bureau's disclosure of the records. Because the disclosure came before the 2007 Act took effect, application of the new law here would be retroactive.

Application of the new statute to this case raises the same retroactivity concerns identified in *Summers*. Because Congress did not make the statute retroactive, *see Summers*, 569 F.3d at 504, it is of no help to Judicial Watch.

### III.

The decision of the district court is reversed and the award of attorneys' fees vacated.

*So ordered*.