**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2013

No. 12-20401

Lyle W. Cayce
Clerk

MARK E. BATTON,

Plaintiff-Appellant

v.

INTERNAL REVENUE SERVICE,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Plaintiff-Appellant Mark Batton appeals the district court's denial of his motion for attorneys' fees in his Freedom of Information Act ("FOIA") suit against the Internal Revenue Service ("IRS"). Because we conclude that Batton was eligible to receive attorneys' fees, we VACATE and REMAND for proceedings consistent with this opinion.

## I. BACKGROUND

We briefly recite the facts relevant to this appeal. A full recitation of the facts of this case may be found in *Batton v. Evers*, 598 F.3d 169 (5th Cir. 2010).

In November 2006, after being audited, Batton filed a FOIA request with the IRS. In response, the IRS began sending Batton near-monthly letters to

No. 12-20401

notify him that the agency required additional time to process his request. In September 2007, after receiving no responsive documents for almost one year, Batton sued under FOIA. The United States Attorney was not properly served, however, until January 2008.

On December 31, 2007, the Open Government Act ("OGA") took effect, amending FOIA to permit awards of attorneys' fees to parties that "substantially prevailed" by way of an agency's "voluntary or unilateral change in position." *See* Pub. L. No. 110-175, § 4, 121 Stat. 2524 (codified at 5 U.S.C. § 552(a)(4)(E)(ii)(II)). On January 18, 2008, the IRS released documents to Batton for the first time. Of the 5,318 responsive pages located, the IRS initially released only 953 pages, and later supplemented that production with another 249 pages. The IRS then moved for summary judgment, alleging that certain FOIA exemptions entitled it to withhold the remaining responsive documents. Batton moved to compel the IRS to produce a *Vaughn* index identifying the documents in sufficient detail to permit him to argue against the claimed exemptions.[1] The district court denied Batton's motion and granted summary judgment for the IRS.

On appeal, this court reversed and remanded with instructions to order production of a *Vaughn* index. *Batton*, 598 F.3d at 184. The district court subsequently ordered the index's production, and the IRS released several thousand previously withheld pages. Ultimately, the issue of attorneys' fees remained unresolved, thereby prompting Batton to move for fees as the prevailing party. The district court denied Batton's motion, and Batton timely appealed.

---

[1] "A *Vaughn* index is a routine device through which the defendant agency describes the responsive documents withheld or redacted and indicates why the exemptions claimed apply to the withheld material." *Jones v. FBI*, 41 F.3d 238, 241 (6th Cir. 1994) (citing *Vaughn v. Rosen*, 484 F.2d 820, 826-27 (D.C. Cir. 1973)).

No. 12-20401

## II. DISCUSSION

FOIA provides that a court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). "This language naturally divides the attorney-fee inquiry into two prongs[:] . . . fee eligibility and fee entitlement. The eligibility prong asks whether a plaintiff has substantially prevailed and thus may receive fees. If so, the court proceeds to the entitlement prong and considers a variety of factors to determine whether the plaintiff *should* receive fees." *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011) (citations and internal quotation marks omitted). We analyze each prong in turn.

### A.    Eligibility

We review a district court's denial of attorneys' fees for abuse of discretion, assessing fact findings for clear error and legal conclusions de novo. *Volk v. Gonazlez*, 262 F.3d 528, 534 (5th Cir. 2001). We review de novo the district court's legal conclusion that Batton does not enjoy the benefit of the OGA. *See Texas v. ICC*, 935 F.2d 728, 730 (5th Cir. 1991) (reviewing de novo the legal question of a state's eligibility to recover attorneys' fees under FOIA).

This circuit has long held that a party may demonstrate that he "substantially prevailed" in a FOIA lawsuit in one of two ways: (1) obtaining a court order in his favor, or (2) through the catalyst theory, which requires "show[ing] that prosecution of the action could reasonably be regarded as necessary to obtain the information and that the action had a substantive causative effect on the delivery of the information." *See Lovell v. Alderete*, 630 F.2d 428, 432 (5th Cir. 1980). The OGA codified the catalyst theory in FOIA cases by defining "substantially prevail[]" as "obtain[ing] relief through . . . a

3

No. 12-20401

voluntary or unilateral change in position by the agency." *See* § 4, 121 Stat. 2524.

The IRS argues that applying the OGA would be giving it retroactive effect. We disagree. Even assuming that the catalyst theory was not viable until the OGA took effect,[2] this case does not involve retroactive application. Unlike cases that refused to apply the OGA because all of the events necessary for liability took place before the OGA's effective date, *see, e.g.*, *Judicial Watch, Inc. v. Bureau of Land Mgmt.*, 610 F.3d 747 (D.C. Cir. 2010), here, most of the relevant events took place after the effective date. Although Batton sued in September 2007, the IRS was not properly served until January 2008—after the OGA's effective date. The IRS failed to produce a single document or take any other action other than issuing delay letters until after it was served in January 2008. Thus, other than the original FOIA request and the filing of the lawsuit, all relevant events took place after the OGA's effective date. We conclude that the OGA applies to this case.

The district court here appears to have defined "substantially prevailed" only in terms of the first *Lovell* criteria—obtaining a court order. *See* 630 F.2d at 432. The fact that Batton obtained no such order, in conjunction with the district court's conclusion that the OGA did not apply, led the court to conclude that Batton was not a prevailing party and, therefore, was ineligible to receive attorneys' fees.

---

[2] In 2001, the Supreme Court rejected the catalyst theory in the context of the Fair Housing Amendments Act and the Americans with Disabilities Act. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600-01 (2001). Thereafter, some circuits extended *Buckhannon*'s reasoning to eliminate the catalyst theory in FOIA cases. *See, e.g.*, *Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy*, 288 F.3d 452, 456-57 (D.C. Cir. 2002). The OGA overruled these decisions. *See* § 4, 121 Stat. 2524. Importantly, however, this circuit never applied *Buckhannon* to FOIA claims. Accordingly, the effect of *Buckhannon*, if any, on the catalyst theory of FOIA attorneys' fees recovery, as expressed in *Lovell*, remained unaddressed in this circuit until Congress passed the OGA.

4

No. 12-20401

Applying the OGA, however, leads us to conclude that Batton substantially prevailed.[3] *See Cazalas v. DOJ*, 660 F.2d 612, 623 (5th Cir. Unit A Nov. 1981) (where district court incorrectly applied entitlement factors to eligibility analysis, court "appli[ed] the correct standard of analysis to [the] situation," to find that plaintiff's "FOIA complaint had a substantial causative impact on the release of the documents"). Indeed, Batton filed his FOIA suit after enduring the IRS's continued and unexplained delays in responding to his request for almost one year. Only after he filed and served this lawsuit did the IRS first begin to produce a fraction of the responsive documents, with reticence to provide even a *Vaughn* index. The remaining documents still were not produced for years following further litigation. Accordingly, we conclude that Batton is eligible to receive attorneys' fees.

## B.    Entitlement

Next, we address the entitlement prong. We review the district court's determination that Batton is not entitled to attorneys' fees for abuse of discretion. *See Texas v. ICC*, 935 F.2d at 730, 733. District courts must consider

---

[3] Contrary to the dissenting opinion's analysis, it is appropriate in this case for us to determine eligibility under our circuit's precedents. While there may be cases where disputed facts need to be resolved before the question of eligibility can be addressed, this case is not one of them. In *Cazalas*, we examined the history of the case and determined that the plaintiff's lawsuit had caused the release of the documents without remanding for fact findings on this issue. 660 F.2d at 623. We remanded only on the question of entitlement. *Id.* The D.C. Circuit, upon which the dissenting opinion relies, has only required factual findings where there are disputed facts necessary to the eligibility determination. *Compare Davy v. CIA*, 456 F.3d 162, 164 (D.C. Cir. 2006) ("We review whether [plaintiff] was eligible for attorney fees—that is, whether he 'substantially prevailed'—de novo because it rests on an interpretation of the statutory terms that define eligibility for an award." (some quotation marks omitted)) (decided pre-OGA when the D.C. Circuit applied *Buckhannon* to FOIA), *with Union of Concerned Scientists v. U.S. Nuclear Regulatory Comm'n*, 824 F.2d 1219, 1224 (D.C. Cir. 1987) (addressing a situation where the parties made "contradictory arguments" about the facts and the district court both stated that the litigation was premature and that it caused the FOIA compliance). In any event, we are bound by our own precedent. Here, the facts are much more similar to *Cazalas* than to the D.C. Circuit cases. Batton made requests for over a year and received nothing; only after filing a lawsuit and engaging in protracted litigation did he finally receive thousands of documents.

No. 12-20401

four factors in the entitlement analysis: "(1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law." *Id.* at 730.

Because we conclude that Batton is eligible to receive attorneys' fees, we remand for the district court to assess Batton's entitlement under each of the aforementioned factors. Although the district court mentioned the entitlement factors in passing, its conclusion that Batton was ineligible for attorneys' fees did not require the thorough consideration of the entitlement factors which is now necessary. The entitlement assessment is a matter directed to the discretion of the district court which should make its assessment against the backdrop of the treble policies of the FOIA attorneys'-fees provision in (1) incentivizing private litigants to pursue their claims by providing a means of overcoming barriers "that government may erect in an effort to escape compliance with the law"; (2) "deter[ring] the government from opposing justifiable requests"; and (3) "punish[ing] the government where such opposition is unreasonable." *Cazalas v. DOJ*, 709 F.2d 1051, 1057 (5th Cir. 1983). An award of attorneys' fees is particularly appropriate where "'government officials have been recalcitrant in their opposition to a valid claim or have been otherwise engaged in obdurate behavior.'" *Id.* at 1054 (quoting S. Rep. No. 93-854, at 19 (1974)).

Finally, we note that while the district court's order denying fees relied in part on an assumption that Batton was under criminal investigation during the time when the documents were being withheld, the IRS conceded at oral argument that it decided in December 2008 not to undertake any such investigation. Abandoned criminal investigation notwithstanding, Batton still did not receive the remainder of the responsive documents until mid-2010.

No. 12-20401

## III.  CONCLUSION

Because Batton is eligible to receive attorneys' fees, we VACATE the district court's order denying fees and REMAND for reconsideration in light of this opinion.

No. 12-20401

EMILIO M. GARZA, Circuit Judge, dissenting:

I dissent from the majority's holding that Batton is eligible for attorneys' fees under the OGA. While I agree with majority that the OGA applies and we should vacate the district court's order, I would remand to allow the district court to assess Batton's eligibility for attorneys' fees under the OGA in the first instance.

Because the district court determined the OGA did not apply, the court did not consider whether Batton might be eligible for attorneys' fees under the OGA. *Batton v. Evers*, No. 4-07-2852, at *1 (S.D. Tex. May 14, 2012) (order denying attorneys' fees). A party has "substantially prevailed" and is thus eligible for an award of attorneys' fees where the party obtained a court order in his favor. *Lovell v. Alderete*, 630 F.2d 428, 432 (5th Cir. 1980). Under the OGA a party has also "substantially prevailed" if the party obtained relief through a voluntary or unilateral change in position by the agency. 5 U.S.C. § 552(a)(4)(E)(ii). Because the only court-ordered relief Batton obtained in this case—an order requiring the IRS to produce a *Vaughn* index—is insufficient, without more, to make Batton a "prevailing party," *Campaign for Responsible Transplantation v. FDA*, 511 F.3d 187, 195–96 (D.C. Cir. 2007), the district court held Batton did not "substantially prevail" through obtaining a court order in his favor. *Batton v. Evers*, No. 4-07-2852, at *1 (S.D. Tex. May 14, 2012). Concluding the OGA did not apply, the district court did not consider whether Batton obtained relief through a voluntary or unilateral change in position by the IRS. Although the district court did not make findings of fact on the issue, the majority holds Batton is eligible for attorneys' fees under the OGA. *Ante*, at 5. The majority finds the IRS delayed in releasing the documents and Batton did not receive any documents until after the IRS was served with suit, and holds Batton thus substantially prevailed. *Id.* Because the district court has not yet had an

8

opportunity to make findings of fact and conclusions of law regarding whether Batton obtained relief through a voluntary or unilateral change by the IRS, I would remand this case to allow the district court to determine in the first instance whether Batton is eligible for attorneys' fees under the OGA. *See Union of Concerned Scientists v. U.S. Nuclear Regulatory Comm'n*, 824 F.2d 1219, 1220 (D.C. Cir. 1987) ("[F]ull findings of fact must be made to support a court's belief that a party has substantially prevailed in a lawsuit before a grant of attorney's fees can be awarded."); *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1496 (D.C. Cir. 1984) ("The question whether an FOIA litigant has substantially prevailed is, of course, a question of fact entrusted to the District Court . . . .").[1] On this record the majority cannot determine eligibility as a matter of law, and it is not the province of the appellate courts to make factual findings. *See Pullman-Standard v. Swint*, 456 U.S. 273, 291–92 (1982) (holding where district court failed to make finding because of erroneous view of law "court of appeals is not relieved of the usual requirement of remanding for further proceedings to tribunal charged with the task of factfinding in the first instance").

Respectfully, I dissent.

---

[1] Contrary to assertions by the majority, *Ante*, at 5, *Cazalas v. DOJ*, 660 F.2d 612, 623 (5th Cir. 1981) supports this dissent. I agree that in *Cazalas* the district court applied the incorrect legal standard to the "substantially prevailed" inquiry. However, unlike here, the district court made findings of fact sufficient for the appellate court to conclude the plaintiff "substantially prevailed." 660 F.2d at 619–20. Here, the district court made no findings of fact upon which the majority may base its holding that Batton "substantially prevailed."