HAYNES, Circuit Judge:
Plaintiff-Appellant Mark Batton appeals the district court’s denial of his motion for attorneys’ fees in his Freedom of Information Act (“FOIA”) suit against the Internal Revenue Service (“IRS”). Because we conclude that Batton was eligible to receive attorneys’ fees, we VACATE and REMAND for proceedings consistent with this opinion.
I. BACKGROUND
We briefly recite the facts relevant to this appeal. A full recitation of the facts of this ease may be found in Batton v. Evers, 598 F.3d 169 (5th Cir.2010).
In November 2006, after being audited, Batton filed a FOIA request with the IRS. In response, the IRS began sending Bat-ton near-monthly letters to notify him that the agency required additional time to process his request. In September 2007, after receiving no responsive documents for almost one year, Batton sued under FOIA. The United States Attorney was not properly served, however, until January 2008.
On December 31, 2007, the Open Government Act (“OGA”) took effect, amending FOIA to permit awards of attorneys’ fees to parties that “substantially prevailed” by way of an agency’s “voluntary or unilateral change in position.” See Pub.L. No. 110-175, § 4, 121 Stat. 2524 (codified at 5 U.S.C. § 552(a)(4)(E)(ii)(II)). On January 18, 2008, the IRS released documents to Batton for the first time. Of the 5,318 responsive pages located, the IRS initially released only 953 pages, and later supplemented that production with another 249 pages. The IRS then moved for summary judgment, alleging that certain FOIA exemptions entitled it to withhold the remaining responsive documents. Batton moved to compel the IRS to produce a Vaughn index identifying the docu *525 ments in sufficient detail to permit him to argue against the claimed exemptions.[1] The district court denied Batton’s motion and granted summary judgment for the IRS.
On appeal, this court reversed and remanded with instructions to order production of a Vaughn index. Batton, 598 F.3d at 184. The district court subsequently ordered the index’s production, and the IRS released several thousand previously withheld pages. Ultimately, the issue of attorneys’ fees remained unresolved, thereby prompting Batton to move for fees as the prevailing party. The district court denied Batton’s motion, and Batton timely appealed.
II. DISCUSSION
FOIA provides that a court “may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.” 5 U.S.C. § 552(a)(4)(E)(i). “This language naturally divides the attorney-fee inquiry into two prongs[:] ... fee eligibility and fee entitlement. The eligibility prong asks whether a plaintiff has substantially prevailed and thus may receive fees. If so, the court proceeds to the entitlement prong and considers a variety of factors to determine whether the plaintiff should receive fees.” Brayton v. Office of the U.S. Trade Representative, 641 F.3d 521, 524 (D.C.Cir.2011) (citations and internal quotation marks omitted). We analyze each prong in turn.
A. Eligibility
We review a district court’s denial of attorneys’ fees for abuse of discretion, assessing fact findings for clear error and legal conclusions de novo. Volk v. Gonzalez, 262 F.3d 528, 534 (5th Cir.2001). We review de novo the district court’s legal conclusion that Batton does not enjoy the benefit of the OGA. See Texas v. ICC, 935 F.2d 728, 730 (5th Cir.1991) (reviewing de novo the legal question of a state’s eligibility to recover attorneys’ fees under FOIA).
This circuit has long held that a party may demonstrate that he “substantially prevailed” in a FOIA lawsuit in one of two ways: (1) obtaining a court order in his favor, or (2) through the catalyst theory, which requires “show[ing] that prosecution of the action could reasonably be regarded as necessary to obtain the information and that the action had a substantive causative effect on the delivery of the information.” See Lovell v. Alderete, 630 F.2d 428, 432 (5th Cir.1980). The OGA codified the catalyst theory in FOIA cases by defining “substantially prevail[ ]” as “obtaining] relief through ... a voluntary or unilateral change in position by the agency.” See § 4,121 Stat. 2524.
The IRS argues that applying the OGA would be giving it retroactive effect. We disagree. Even assuming that the catalyst theory was not viable until the OGA took effect,[2] this case does not involve *526 retroactive application. Unlike cases that refused to apply the OGA because all of the events necessary for liability took place before the OGA’s effective date, see, e.g., Judicial Watch, Inc. v. Bureau of Land Mgmt., 610 F.3d 747 (D.C.Cir.2010), here, most of the relevant events took place after the effective date. Although Batton sued in September 2007, the IRS was not properly served until January 2008 — after the OGA’s effective date. The IRS failed to produce a single document or take any other action other than issuing delay letters until after it was served in January 2008. Thus, other than the original FOIA request and the filing of the lawsuit, all relevant events took place after the OGA’s effective date. We conclude that the OGA applies to this case.
The district court here appears to have defined “substantially prevailed” only in terms of the first Lovell criteria — obtaining a court order. See 630 F.2d at 432. The fact that Batton obtained no such order, in conjunction with the district court’s conclusion that the OGA did not apply, led the court to conclude that Bat-ton was not a prevailing party and, therefore, was ineligible to receive attorneys’ fees.
Applying the OGA, however, leads us to conclude that Batton substantially prevailed.[3] See Cazalas v. DOJ, 660 F.2d 612, 623 (5th Cir. Unit A Nov. 1981) (where district court incorrectly applied entitlement factors to eligibility analysis, court “appli[ed] the correct standard of analysis to [the] situation,” to find that plaintiffs “FOIA complaint had a substantial causative impact on the release of the documents”). Indeed, Batton filed his FOIA suit after enduring the IRS’s continued and unexplained delays in responding to his request for almost one year. Only after he filed and served this lawsuit did the IRS first begin to produce a fraction of the responsive documents, with reticence to provide even a Vaughn index. The remaining documents still were not produced for years following further litigation. Accordingly, we conclude that Batton is eligible to receive attorneys’ fees.
*527 B. Entitlement
 Next, we address the entitlement prong. We review the district court’s determination that Batton is not entitled to attorneys’ fees for abuse of discretion. See Texas v. ICC, 935 F.2d at 730, 733. District courts must consider four factors in the entitlement analysis: “(1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant’s interest in the records sought; and (4) whether the government’s withholding of the records had a reasonable basis in law.” Id. at 730.
Because we conclude that Bat-ton is eligible to receive attorneys’ fees, we remand for the district court to assess Batton’s entitlement under each of the aforementioned factors. Although the district court mentioned the entitlement factors in passing, its conclusion that Batton was ineligible for attorneys’ fees did not require the thorough consideration of the entitlement factors which is now necessary. The entitlement assessment is a matter directed to the discretion of the district court which should make its assessment against the backdrop of the treble policies of the FOIA attorneys’-fees provision in (1) incentivizing private litigants to pursue their claims by providing a means of overcoming barriers “that government may erect in an effort to escape compliance with the law”; (2) “deter[ring] the government from opposing justifiable requests”; and (3) “punish[ing] the government where such opposition is unreasonable.” Cazólas v. DOJ, 709 F.2d 1051, 1057 (5th Cir.1983). An award of attorneys’ fees is particularly appropriate where “ ‘government officials have been recalcitrant in their opposition to a valid claim or have been otherwise engaged in obdurate behavior.’ ” Id. at 1054 (quoting S.Rep. No. 93-854, at 19 (1974)).
Finally, we note that while the district court’s order denying fees relied in part on an assumption that Batton was under criminal investigation during the time when the documents were being withheld, the IRS conceded at oral argument that it decided in December 2008 not to undertake any such investigation. Abandoned criminal investigation notwithstanding, Batton still did not receive the remainder of the responsive documents until mid-2010.
III. CONCLUSION
Because Batton is eligible to receive attorneys’ fees, we VACATE the district court’s order denying fees and REMAND for reconsideration in light of this opinion.

. "A Vaughn index is a routine device through which the defendant agency describes the responsive documents withheld or redacted and indicates why the exemptions claimed apply to the withheld material.” Jones v. FBI, 41 F.3d 238, 241 (6th Cir.1994) (citing Vaughn v. Rosen, 484 F.2d 820, 826-27 (D.C.Cir.1973)).

. In 2001, the Supreme Court rejected the catalyst theory in the context of the Fair Housing Amendments Act and the Americans with Disabilities Act. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep’t of Health & Human Res., 532 U.S. 598, 600-01, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Thereafter, some circuits extended Buckhannon 's reasoning to eliminate the catalyst theory in FOIA cases. See, e.g., Oil, Chem. & Atomic Workers Int’l Union v. Dep't of Energy, 288 F.3d 452, 456-57 (D.C.Cir.2002). The OGA overruled these decisions. See § 4, 121 Stat. 2524. Im *526 portantly, however, this circuit never applied Buckhannon to FOIA claims. Accordingly, the effect of Buckhannon, if any, on the catalyst theory of FOIA attorneys’ fees recovery, as expressed in Lovell, remained unaddressed in this circuit until Congress passed the OGA.

. Contrary to the dissenting opinion's analysis, it is appropriate in this case for us to determine eligibility under our circuit’s precedents. While there may be cases where disputed facts need to be resolved before the question of eligibility can be addressed, this case is not one of them. In Cazalas, we examined the history of the case and determined that the plaintiff's lawsuit had caused the release of the documents without remanding for fact findings on this issue. 660 F.2d at 623. We remanded only on the question of entitlement. Id. The D.C. Circuit, upon which the dissenting opinion relies, has only required factual findings where there are disputed facts necessary to the eligibility determination. Compare Davy v. CIA, 456 F.3d 162, 164 (D.C.Cir.2006) (“We review whether [plaintiff] was eligible for attorney fees — that is, whether he 'substantially prevailed' — de novo because it rests on an interpretation of the statutory terms that define eligibility for an award.’’ (some quotation marks omitted)) (decided pre-OGA when the D.C. Circuit applied Buckhannon to FOIA), with Union of Concerned Scientists v. U.S. Nuclear Regulatory Comm’n, 824 F.2d 1219, 1224 (D.C.Cir. 1987) (addressing a situation where the parties made “contradictory arguments” about the facts and the district court both stated that the litigation was premature and that it caused the FOIA compliance). In any event, we are bound by our own precedent. Here, the facts are much more similar to Cazalas than to the D.C. Circuit cases. Batton made requests for over a year and received nothing; only after filing a lawsuit and engaging in protracted litigation did he finally receive thousands of documents.