# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30882
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2016

Lyle W. Cayce
Clerk

MICHAEL W. GAHAGAN,

      Plaintiff - Appellant

v.

UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-796

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

In the course of representing a client, Michael Gahagan determined that he needed a copy of the receipt confirming the client's previous filing of a "Form I-485" with the United States Citizenship & Immigration Services ("USCIS"). For whatever reason, this required "Receipt Notice" had not been provided at the time of the form's submission. Gahagan attempted unsuccessfully to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

obtain the Receipt Notice through informal methods and then filed a Freedom of Information Act ("FOIA") request with USCIS. The request yielded hundreds of pages of documents, but no Receipt Notice. An administrative appeal accomplished nothing. Accordingly, Gahagan filed this action pursuant to 5 U.S.C. § 552(a)(4)(B), which provides district courts with "jurisdiction to enjoin [agencies] from withholding agency records and to order the production of any agency records improperly withheld from the complainant."

A few months after filing suit, Gahagan filed a motion for summary judgment. USCIS filed an opposition and also provided the Receipt Notice, which it had discovered during a supplemental search of its records. The district court ruled that provision of the Receipt Notice largely mooted the suit and, more importantly, that USCIS had complied with FOIA by conducting "a search reasonably calculated to yield responsive documents to Plaintiff's FOIA request," notwithstanding the fact that the Receipt Notice initially went undiscovered. Gahagan has not appealed this determination.

Judgment was granted in favor of USCIS and against Gahagan. Nonetheless, because he received the Receipt Notice in the course of the litigation, Gahagan sought attorney's fees as a prevailing party under 5 U.S.C. § 552(a)(4)(E)(i). Under that provision, district courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." *Id.*

In ruling on the motion, the district court noted that Gahagan appeared *eligible* for attorney's fees because he had obtained the Receipt Notice and therefore substantially prevailed. The district court declined to definitively rule on that issue, however, finding Gahagan was not *entitled* to attorney's fees under the applicable four-factor test. On appeal, Gahagan challenges this two-

step inquiry—eligibility and entitlement—claiming that 2007 amendments to the Open Government Act ("OGA") abrogate this long-standing approach.

According to Gahagan, the "eligibility-entitlement test has clearly been superseded by the OGA." This argument was not made before the district court and has therefore been waived. *See, e.g.*, *LeMaire v. Louisiana Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). In any event, it is foreclosed by our precedent. *See Batton v. I.R.S.*, 718 F.3d 522, 525 (5th Cir. 2013). In *Batton*, quoting a 2011 case from the D.C. Circuit, we observed that it was the "language" of the statute that "naturally divides the attorney-fee inquiry into two prongs." *Id.* (quoting *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011)). Gahagan fears that we "may be tempted to follow" this adverse precedent and urges us to ignore it. He misapprehends the scope of our authority; we are obligated to follow *Batton*. *See, e.g.*, *Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423, 426 (5th Cir. 1987).

The district court correctly employed *Batton*'s two-step approach. We, too, find it unnecessary to determine whether Gahagan was eligible for attorney's fees. Gahagan's entitlement to attorney's fees is reviewed only for an abuse of discretion. *Batton*, 718 F.3d at 527. "District courts must consider four factors in the entitlement analysis: '(1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law.'" *Id.* (quoting *Texas v. Interstate Commerce Commission*, 935 F.2d 728, 730 (5th Cir. 1991)).

The district court thoroughly and properly considered each of the four relevant factors. It found the first and last factors to favor USCIS and the second and third factors to favor Gahagan. Having reviewed the parties' arguments and relevant portions of the record, we cannot find that the district

court abused its discretion in analyzing or weighting these factors, or in determining that, under the circumstances, Gahagan was not entitled to attorney's fees.

The district court's order is AFFIRMED.