# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 31, 2013

No. 12-60669
Summary Calendar

Lyle W. Cayce
Clerk

ROBINA TARIQ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 837 841

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Robina Tariq, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for withholding of removal and relief under the Convention Against Torture (CAT). She makes the following arguments in support of her petition for review: (1) the adverse credibility determination made by the immigration judge (IJ) was clearly erroneous, (2) the IJ and the BIA erred by denying her application for withholding of removal, (3) the IJ and the BIA

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred by denying her application for relief under the CAT, and (4) the IJ violated her due process rights by not obtaining testimony from her expert witness.

Tariq argues that the IJ's adverse credibility determination and the BIA's upholding of that determination were clearly erroneous. This court reviews the order of the BIA and will consider the underlying decision of the IJ to the extent it was relied upon by the BIA. *Theodros v. Gonzales*, 490 F.3d 396, 400 (5th Cir. 2007). Here, the BIA's decision was based primarily on its adoption of the IJ's findings and its affirmance of the IJ's adverse credibility finding. Accordingly, this court may consider both decisions. *See id.*

Because Tariq filed her application for relief from removal after the effective date of the REAL ID Act, the standards for assessing credibility in the wake of that Act are applied. *See Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). When making a credibility determination under the REAL ID Act, the trier of fact must consider the totality of the circumstances, including the applicant's demeanor and responsiveness, the inherent plausibility of the applicant's account, and the consistency of the applicant's written and oral statements, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *see Wang*, 569 F.3d at 537. "It is the factfinder's duty to make credibility determinations, and this court cannot substitute its judgment for that of the BIA or IJ with respect to witnesses' credibility." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). The BIA's decision to uphold the IJ's adverse credibility determination is reviewed under the substantial evidence standard. *See id.* "[R]eversal is improper unless the court decides not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Id.* (internal quotation marks and citation omitted). The petitioner must show that no reasonable factfinder could reach a contrary conclusion. *Id.*

No. 12-60669

In finding that Tariq was not credible, the IJ based her decision on the entire record, including Tariq's demeanor during her testimony, the consistency of her testimony as it related to its content, the presence or absence of witnesses, and the country condition report. The IJ specifically cited her careful observation of Tariq during questioning as a basis for the decision. Additionally, the IJ relied upon Tariq's complete omission of the alleged beating suffered by her husband. The IJ found that it was unreasonable that Tariq would forget about an incident that happened to her husband that was related to the ground of relief she was asserting. The BIA concluded that the IJ's credibility determination was supported by the totality of the circumstances and particularly cited Tariq's omission of the information concerning her husband as a basis for the determination. The BIA also deferred to the IJ's findings regarding Tariq's demeanor because the IJ was in a superior position to make that assessment.

"[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an . . . applicant is not credible." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted). Tariq has not persuasively abated the inconsistencies and implausibilities cited by the IJ and BIA and has not shown that the evidence compels the conclusion that she was a credible witness. *See Dayo v. Holder*, 687 F.3d 653, 657-58 (5th Cir. 2012).

In light of the IJ's adverse credibility determination and the lack of independent evidence supporting her claim, Tariq has not demonstrated that it is more likely than not that she would be persecuted on account of her imputed political opinion or her social group if she were forced to return to Pakistan. *See Wang*, 569 F.3d at 536; *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006). Accordingly, the decision to deny Tariq's application for withholding of removal is supported by substantial evidence. *See Chen*, 470 F.3d at 1134.

Similarly, given the adverse credibility determination, Tariq's assertion that she fears being tortured, without more, does not demonstrate that it is more likely than not that she will be tortured by or with the acquiescence of the Pakistani government. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350–51 (5th Cir. 2006); 8 C.F.R. § 1208.18(a)(1). Accordingly, the decision to deny Tariq relief under the CAT is supported by substantial evidence. *See Chen*, 470 F.3d at 1134.

Finally, Tariq argues that the IJ's decision not to obtain testimony from her expert witness constituted a violation of her due process rights and that the BIA erred by affirming the IJ's decision. Aliens subject to removal proceedings are entitled to due process. *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997). Review of a due process claim is de novo. *Id*. To establish a due process violation, Tariq must make an initial showing of substantial prejudice. *Id*. That is, she must make a prima facie showing that she was eligible for withholding of removal or CAT relief and that the excluded evidence "could have made a strong showing in support of [her] application." *See id*. Given the IJ's adverse credibility determination and the lack of independent evidence supporting her application for relief, Tariq cannot meet the standard set forth in *Anwar*. Accordingly, her petition for review is DENIED.