# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60802
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2016

Lyle W. Cayce
Clerk

ABEL CEJA-LUA,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of Orders of the
Board of Immigration Appeals
BIA No. A088 840 048

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Abel Ceja-Lua, a native and citizen of Mexico, petitions this court for review of the decisions of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings in order to apply for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1) and denying his motion for reconsideration of that denial. Ceja-Lua argues: that in denying his motions to reopen and for reconsideration, the BIA failed to properly consider the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence that he satisfied the § 1229b(b)(1)(D) requirement that his qualifying relatives would suffer exceptional and extremely unusual hardship if he were removed; that the BIA's decisions implicate 5 U.S.C. § 706(2)(a) of the Administrative Procedure Act (APA), which directs a reviewing court to set aside agency action found to be arbitrary, capricious, an abuse of discretion, or not in accordance with the law; and that the BIA's decision denying reconsideration lacked sufficient analysis and was thus procedurally inadequate.  The Government asserts that this court lacks jurisdiction to review Ceja-Lua's petition for review.

This court reviews its subject matter jurisdiction de novo.  *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 660 (5th Cir. 2003).  Under 8 U.S.C. § 1252(a)(2)(B)(i), the BIA's denial of discretionary relief in the form of cancellation of removal under § 1229b(b)(1) is excluded from judicial review. *See Kucana v. Holder*, 558 U.S. 233, 246-48 (2010).  Contrary to Ceja-Lua's assertions, the Supreme Court's recent decision in *Mata v. Lynch*, 135 S. Ct. 2150, 2154-56 (2015), invalidates neither the § 1252(a)(2)(B)(i) exceptions acknowledged in *Kucana*, 558 U.S. at 246-48, nor this court's jurisprudence applying § 1252(a)(2)(B)(i) to bar judicial review over challenges to the denial of cancellation of removal.  *See Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007).  This court lacks jurisdiction over such challenges whether the petitioner is appealing from a final order of removal or from the denial of a motion to reopen.  *See Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004). Judicial review is not precluded, however, to the extent that the petition for review raises constitutional claims or questions of law.  *See* § 1252(a)(2)(D); *Garcia-Maldonado v. Gonzales,* 491 F.3d 284, 287 (5th Cir. 2007).

Ceja-Lua's argument that the BIA failed to properly consider the evidence that his qualifying relatives would suffer the requisite hardship if he

were removed constitutes a substantive challenge to the BIA's hardship determination, which is a factual question that falls squarely within the jurisdictional bar of § 1252(a)(2)(B). *See Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014). This result is not altered by Ceja-Lua's characterization, as questions of law, his contentions that the BIA applied an improper legal standard and failed to follow precedent in making its hardship determination. The BIA here applied the appropriate legal standard by imposing on Ceja-Lua the heavy burden of proving that if his removal proceedings were reopened, the new evidence would likely alter the outcome of his application for cancellation of removal by establishing exceptional and extremely unusual hardship to his qualifying relatives. *See Matter of Coelho*, 20 I&N Dec. 464, 472-73 (BIA 1992); § 1229b(b)(1)(D). A petitioner may not secure jurisdiction in this court by simply framing as a legal issue his challenge to the BIA's evaluation of the evidence in order to cloak his request for review of a discretionary decision. *See Falek v. Gonzales*, 475 F.3d 285, 289 & n.2 (5th Cir. 2007).

By asserting that the BIA violated § 706(2)(A) of the APA by failing to meaningfully and rationally consider the new evidence and arguments presented in his motions to reopen and reconsider, Ceja-Lua has raised a legal question over which this court has jurisdiction under § 1252(a)(2)(D). *See Sealed Petitioner v. Sealed Respondent*, 567 F. App'x 231, 235 (5th Cir. 2014).[1] However, Ceja-Lua's APA claim will not be considered, as it was raised for the first time in his reply brief. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). In any event, § 706(2)(A) does not apply to the BIA's individual adjudications in immigration proceedings. *Sealed Petitioner*, 567 F. App'x at

---

[1] Although unpublished opinions issued on or after January 1, 1996, are not precedent, they may nevertheless be persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006); 5TH CIR. R. 47.5.4.

No. 14-60802

238; *see Ardestani v. INS*, 502 U.S. 129, 133-34 (1991); *Rivera-Cruz v. INS*, 948 F.2d 962, 967 n.5 (5th Cir. 1991).

It is unclear whether Ceja-Lua's challenge to the procedural adequacy of the BIA's order denying his motion for reconsideration is a legal question over which this court has jurisdiction under § 1252(a)(2)(D). Even assuming this court has jurisdiction, however, Ceja-Lua's claim lacks merit. This court will review a BIA decision denying relief from removal "procedurally to ensure that the complaining alien has received full and fair consideration of all circumstances that give rise to his or her claims." *Abdel-Masieh v. INS*, 73 F.3d 579, 581, 585 (5th Cir. 1996) (internal quotation marks and citation omitted). Since a motion for reconsideration "urges an adjudicative body to re-evaluate the record evidence only," *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005), the extent of explanation required in a legally sufficient order denying such a motion is necessarily less than in an order denying the underlying motion to reopen. By referencing its lengthier decision denying Ceja-Lua's motion to reopen, the BIA's brief decision denying reconsideration effectively "announce[d] its decision in terms sufficient to enable a reviewing court to perceive that it ha[d] heard and thought and not merely reacted." *See Efe v. Ashcroft*, 293 F.3d 899, 903, 908 (5th Cir. 2002) (quotation marks and citation omitted).

PETITION DISMISSED IN PART, DENIED IN PART.