# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60004
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2017

Lyle W. Cayce
Clerk

SANTIAGO ALEJANDRO DIAZ-ESPARZA, also known as Santiago Alejandro Diaz,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 567 521

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In 2015, Santiago Alejandro Diaz-Esparza, a native and citizen of Mexico who had been granted lawful permanent resident status, was ordered removed pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) based on his 2014 aggravated felony conviction and two-year prison sentence for evading arrest with a vehicle in violation of Texas Penal Code § 38.04. The Board of Immigration Appeals

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60004

(BIA) dismissed Diaz-Esparza's appeal of the removal order and his motion for reconsideration. Diaz-Esparza has filed petitions for review of the BIA's orders, in which he asserts that his prior conviction was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) because it did not constitute a crime of violence (COV) under 18 U.S.C. § 16(b) and, further, that § 16(b) is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2552, 2557 (2015).

We generally lack jurisdiction to review a removal order against an alien who is removable under § 1227(a)(2)(A)(iii) based on the commission of an aggravated felony. 8 U.S.C. § 1252(a)(2)(C); *see Marquez-Marquez v. Gonzales*, 455 F.3d 548, 560-61 (5th Cir. 2006). However, review nevertheless remains available for constitutional claims or questions of law raised in a petition for review. § 1252(a)(2)(D); *see Marquez-Marquez*, 455 F.3d at 560-61. Whether a statute of conviction constitutes an aggravated felony under § 1101(a)(43) is a question of law over which we retain jurisdiction. *Arce-Vences v. Mukasey*, 512 F.3d 167, 170-71 (5th Cir. 2007). Likewise, "[w]hether a statute is unconstitutionally vague is a question of law." *United States v. Gonzalez-Longoria*, 831 F.3d 670, 674 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). Such questions of law are subject to de novo review. *Id.*

Section 16(b) defines a COV to include a felony crime "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 16(b). In *Sanchez-Ledezma*, 630 F.3d at 449-51, we concluded that the § 38.04 offense of evading arrest with a vehicle is categorically a COV under § 16(b) and thus an aggravated felony as defined by § 1101(a)(43)(F). In *Johnson*, 135 S. Ct. at 2557, the Supreme Court struck as unconstitutionally vague the residual

No. 16-60004

clause of the Armed Career Criminal Act (ACCA), which defined a violent felony as an offense involving "conduct that presents a serious potential risk of physical injury to another."

Diaz-Esparza first argues that we should join certain other circuits in holding that § 16(b) is facially unconstitutional in light of *Johnson*, 135 S. Ct. 2551. However, that issue is foreclosed by our en banc decision to the contrary in *Gonzalez-Longoria*, 831 F.3d at 677. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). Diaz-Esparza's additional argument that § 16(b) is unconstitutional as applied to him likewise fails, as the standard of § 16(b) can be straightforwardly applied to his prior conviction under § 38.04 for evading arrest with a vehicle. *See Gonzalez-Longoria*, 831 F.3d at 677-78; *see also Sanchez-Ledezma*, 630 F.3d at 449-51. Finally, Diaz-Esparza's argument that *Johnson* undermined *Sanchez-Ledezma* is unpersuasive. Because the two decisions involved different statutory provisions, the former did not unequivocally overrule the latter. *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014); *Alcantar*, 733 F.3d at 145-46.

In light of the foregoing, Diaz-Esparza's petitions for review are DENIED.