# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60074
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2018

Lyle W. Cayce
Clerk

JOSE LUIS PINEDA, also known as Marcelo Pineda,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 965 802

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Jose Luis Pineda, a native and citizen of Mexico who obtained lawful permanent resident status in 1992, seeks review of the Board of Immigration Appeals' decision upholding an order for his removal, contending: (1) 18 U.S.C. § 16(b) (definition of crime of violence) is unconstitutionally vague; and (2) he was denied due process because his withholding-of-removal claim was denied before he filed an application for that relief.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-60074

Our court generally lacks jurisdiction to review a removal order against an alien who, like Pineda, is removable based on the commission of an aggravated felony.  8 U.S.C. § 1252(a)(2)(C); *Arce-Vences v. Mukasey*, 512 F.3d 167, 170 (5th Cir. 2007).  We may review, however, constitutional claims and questions of law raised in a petition for review.  8 U.S.C. § 1252(a)(2)(D); *Arce-Vences*, 512 F.3d at 170.  We therefore have jurisdiction to consider both of Pineda's claims, each of which is reviewed *de novo*.  *Diaz-Esparza v. Sessions*, 697 F. App'x 338, 339 (5th Cir. 2017) (§ 16(b) challenge); *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997) (due process).

First, as Pineda concedes, his challenge to the constitutionality of 18 U.S.C. § 16(b) is foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670, 677 (5th Cir.) (en banc), *petition for cert. filed* (29 Sept. 2016) (No. 16-6259), which held "§ 16(b) is not unconstitutionally vague".  *E.g.*, *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013) ("only an intervening change in the law . . . permits a subsequent panel to decline to follow a prior Fifth Circuit precedent").  He is therefore removable and ineligible for asylum based on his conviction for an aggravated felony.  8 U.S.C. §§ 1158(b)(2)(B)(i) & 1227(a)(2)(A)(iii).

Second, to establish a due-process violation, Pineda must make "an initial showing of substantial prejudice".  *Anwar*, 116 F.3d at 144 (citing *Howard v. INS*, 930 F.2d 432, 436 (5th Cir. 1991)).  Pineda cannot show substantial prejudice without making a *prima facie* showing that he was eligible for withholding of removal.  *See id.*; *Tariq v. Holder*, 537 F. App'x 494, 496 (5th Cir. 2013).  He has forfeited the due-process claim by failing to brief whether he would have demonstrated eligibility for such relief had he filed an I-589 application.  *E.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Anwar*, 116 F.3d at 144.

DENIED.