# United States Court of Appeals for the Fifth Circuit

———————

No. 23-60467

———————

Adair Jose Alves,

*versus*

Merrick Garland, *U.S. Attorney General*,

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2024

Lyle W. Cayce
Clerk

*Petitioner*,

*Respondent*.

_____

Appeal from the Board of Immigration Appeals
Agency No. A098 887 258

_____

Before Dennis, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

In 2005, the Department of Homeland Security ("DHS") issued a "notice to appear" to Adair Jose Alves, a native and citizen of Brazil, alleging he was removable because he was present in the United States without being admitted. The removal hearing was set for April 2006. Alves failed to attend that hearing, so the Immigration Judge ("IJ") ordered him removed *in absentia*.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60467

Eleven years later, in 2017, Alves filed a *pro se* motion to reopen the removal proceedings, arguing that he never received notice of his hearing; that conditions in Brazil had worsened; and that he was entitled to asylum. A different IJ denied Alves' motion to reopen, disagreeing with Alves' contentions and also finding his asylum application untimely. Alves appealed to the Board of Immigration Appeals ("BIA"), which affirmed the IJ and dismissed Alves' appeal. Alves moved for reconsideration based on the same arguments, which the BIA denied in March 2019. Alves then asked the BIA to reopen the removal proceedings, which the BIA denied in October 2021. In August 2023, the BIA denied yet another of Alves' motions to reopen.

Still proceeding *pro se*, Alves petitioned for our review of the BIA's latest order denying him relief.

We have jurisdiction to review BIA decisions declining to reopen removal proceedings but not decisions declining to reopen *sua sponte*. *Djie v. Garland*, 39 F.4th 280, 282 (5th Cir. 2022) (citations omitted). We review the denial of a motion to reopen "under a 'highly deferential abuse-of-discretion standard.'" *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005)). To the extent the BIA construed Alves' latest motion as also seeking reconsideration, we review that denial under the same "highly deferential abuse-of-discretion standard." *Nastase v. Barr*, 964 F.3d 313, 318 (5th Cir. 2020) (quotation omitted). Thus, we "will affirm the BIA's decision unless it is capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gonzalez Hernandez v. Garland*, 9 F.4th 278, 283 (5th Cir. 2021) (quotation and internal quotation marks omitted).

"An alien may file one motion to reopen proceedings," except in the cases, not applicable here, of battered spouses, children, and parents.

8 U.S.C. § 1229a(c)(7)(A),  (C)(iv);  *see  also*  8 C.F.R. § 1003.23(b)(4)(ii). Alves' original motion to reopen was denied by the IJ in December 2017, which the BIA affirmed in June 2018. Alves then filed two additional motions to reopen—including the present motion—with the BIA, which were both denied. As the BIA correctly found, Alves' latest motion to reopen is number-barred.[1]

To the extent the BIA construed Alves' latest motion to reopen as a motion for reconsideration, Alves had 30 days to file it. *See* 8 U.S.C. § 1229a(c)(6)(B) ("The motion must be filed within 30 days of the date of entry of a final administrative order of removal."); 8 C.F.R. § 1003.2(b)(2) ("A motion to reconsider a decision must be *filed with the Board* within 30 days after the mailing of the Board decision[.]" (emphasis added)). Although Alves dated his motion November 15, 2021, the BIA did not receive his motion until November 18, 2021, which was 31 days after the BIA's October 18, 2021 decision denying Alves' prior motion to reopen. *See In re Bijai Chand*, 2010 WL 3536716, at *1 n.1 (BIA Aug. 25, 2010) ("[M]otion to reconsider must be received no later than 30 days after the final administrative order of removal."); *In re Lily Araluci Zeledon-Patt*, 2017 WL 3382722, at *1 (BIA June 8, 2017) ("There are no statutory or regulatory exceptions to the time limit for filing a motion to reconsider."). As the BIA correctly found, any arguments for reconsideration that Alves included in his latest motion to reopen were untimely.

Alves contends instead that he and his wife are entitled to cancellation of removal. We disagree for two reasons. First, eligibility for cancellation of removal has no bearing on the antecedent question whether Alves' motion to

---

[1] Because "[t]he number bar is a separate impediment to relief," *Djie*, 39 F.4th at 283, we need not address whether Alves' motion to reopen was also untimely.

reopen was number-barred. It was. Second, before Alves may apply for cancellation, his proceedings must be reopened. *See Ceja-Lua v. Lynch*, 647 F. App'x 508, 509 (5th Cir. 2016) (BIA had denied petitioner's "motion to reopen his removal proceedings in order to apply for cancellation of removal"); *In re Maria Isabel New-Gonzalez*, 2017 WL 2570194, at *1 (BIA May 23, 2017) ("As the respondent has not established that her proceedings should be reopened, we need not address her arguments concerning her eligibility for the relief of cancellation of removal."). We have already explained why Alves is not entitled to reopening.[2]

Finally, Alves contends the BIA violated his due process rights. "The Fifth Amendment's Due Process Clause protects individuals in removal proceedings." *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018). But to establish a due process violation, Alves "must make an initial showing of substantial prejudice," *Tariq v. Holder*, 537 F. App'x 494, 496 (5th Cir. 2013), which in turn requires "a prima facie showing that the alleged violation affected the outcome of the proceedings." *Okpala*, 908 F.3d at 971. Alves fails to make any such showing. That is, Alves has not shown that "he was eligible for asylum [nor] that he could have made a strong showing in support of his application." *Anwar v. I.N.S.*, 116 F.3d 140, 144 (5th Cir. 1997).

DENIED.

---

[2] Alves also argues in conclusory fashion that he "may" be entitled to "administrative closure." But this one unsupported sentence is insufficient to raise the issue on appeal.