956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ricki Gene SEARCY, Plaintiff-Appellant,
v.
SOCIAL SECURITY ADMINISTRATION, Defendant-Appellee.
 No. 91-4181.
 United States Court of Appeals, Tenth Circuit.
 March 2, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Searcy appeals the decision of the district court dismissing his complaint without prejudice.
 
 
 3
 Mr. Searcy filed a pro se complaint asking for the right to copy and inspect "all documents in the agency files pertaining to ... Ricki G. Searcy" (R. and asking for damages and attorney fees for Defendant's failure to produce the documents.
 
 
 4
 The matter was subsequently referred to a Magistrate Judge who reviewed Mr. Searcy's Motion for Summary Judgment and Defendant's Motion to Dismiss for Failure to State a Claim, in addition to numerous other motions filed by Mr. Searcy. This report concluded Mr. Searcy's lawsuit was premature. The district court adopted the Magistrate Judge's report and held that Defendant had failed to comply with either the Privacy Act or the Freedom of Information Act. The district court dismissed Mr. Searcy's complaint without prejudice to again maintain the suit after compliance. The district court overruled Mr. Searcy's remaining motions.
 
 
 5
 Mr. Searcy appeals this decision pro se arguing it is wrong as a matter of law and fact.
 
 
 6
 The Magistrate Judge's Report and Recommendation as filed on June 25, 1991, accurately sets forth the "facts" and applicable law. It serves little purpose to reiterate both here.
 
 
 7
 We have reviewed the record on appeal and both of Mr. Searcy's briefs filed with this Court. This review leads us to the conclusion the judgment of the district court was correct and should be affirmed.
 
 
 8
 The judgment of the district court is AFFIRMED for substantially the same reasons set forth in the Magistrate Judge's Report and Recommendation of June 25, 1991, and the district court's order of September 19, 1991, copies of both being attached. The mandate shall issue forthwith.
 
 ATTACHMENT
 
 9
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
 
 CENTRAL DIVISION
 
 10
 Ricki Gene Searcy, Plaintiff,
 
 
 11
 v.
 
 
 12
 Social Security Administration, Defendant.
 
 Case No. 91-C-26 J
 June 25, 1991
 REPORT & RECOMMENDATION
 
 13
 This is a pro se action under the Freedom of Information Act, 5 U.S.C. 552, and the Privacy Act of 1974, 5 U.S.C. 552a. Plaintiff seeks an order that the Social Security Administration (SSA) produce all documents in its files pertaining to the plaintiff, Ricki G. Searcy, and an award of attorney's fees.
 
 
 14
 Two dispositive motions are pending: Defendant filed a motion to dismiss and the plaintiff filed a motion for summary judgment (actually a motion for default judgment). Plaintiff has also filed a motion for attorney's fees and a motion styled, "Motion under Vaughn v. Rosen to Require Detailed Justification, Itemization and Indexing."
 
 
 15
 This case has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge has determined that oral argument would not be of material assistance. D Utah Rule 202(d).
 
 I. Default Judgment
 
 16
 Searcy moves for summary judgment and to strike defendant's motion to dismiss and memorandum on the grounds that defendant did not timely answer or otherwise respond to the complaint.
 
 
 17
 The complaint was filed January 8, 1991, and served personally on the United States Attorney on the same day, according to the return of service in the record. The defendant filed the motion to dismiss on February 7, 1991. Searcy asserts that he didn't receive the motion and accompanying memorandum until April 21, 1991. See Plaintiff's Affidavit attached to Plaintiff's Motion to Strike. (4/9/91). However, the certificate of service attached to the motion to dismiss indicates the motion and memorandum were mailed on February 7, 1991. Service by mail is complete upon mailing. Fed.R.Civ.Pro. 5(b).
 
 
 18
 Under the Freedom of Information Act, the agency has thirty days after service of the complaint to file an answer.[1] Thus the responsive pleading was timely served on February 7, 1991.
 
 
 19
 Moreover, there is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda; only motions to strike unsigned papers under Rule 11, third-party claims under Rule 14(a), and certain matters in pleadings under Rule 12(f) are contemplated by the Federal Rules of Civil Procedure. Motions and memoranda are not included within the definition of "pleading" under F.R.C.P. 7(a). See James Moore & Jo Desha Lucas, 2A Moore's Federal Practice p 12.21 at 12-164 (Matthew Bender, 2d ed 1991) ("a Rule 12(f) motion to strike is not appropriate with regard to affidavits, parties, or any other matter other than that contained in the actual pleadings").
 
 
 20
 Finally, F.R.C.P. 55(e) provides that an evidentiary hearing on the merits of the claim must be held before default judgment can be entered against an agency of the United States.[2] James Moore, Walter Taggart, and Jeremy Wicker, 6 Moore's Federal Practice p 55.12 at 55-75, 55-76 (Matthew Bender, 2d ed 1991). Plaintiff has now had full opportunity to respond to the motion to dismiss. It makes more sense to the magistrate to proceed on the merits of the suit than to schedule an evidentiary hearing under F.R.C.P. 55(e).
 
 
 21
 Plaintiff's motion to strike the defendant's motion to dismiss and memorandum in support is DENIED. The magistrate judge recommends that plaintiff's motion for summary judgment be DENIED.
 
 II. The Motion to Dismiss
 
 22
 Defendant's main argument is that the Searcy has not exhausted his administrative remedies because he failed to supply sufficient information to enable the SSA to respond to Searcy's request for his own records under the Privacy Act: 1) Searcy failed to specify which records he wanted, or which system of records he wanted searched; and 2) Searcy failed to designate a physician who could review his medical records.
 
 
 23
 Searcy seems to be arguing that he has complied with the SSA regulations under the Privacy Act for obtaining his own records; Searcy also seems to be saying that he made a proper request under FOIA, and he is not required to comply with the Privacy Act.
 
 BACKGROUND
 
 24
 The background facts are mostly derived from the complaint and copies of the correspondence between Searcy and the SSA attached to the complaint. In connection with the motion to dismiss, the SSA has filed an affidavit from an officer of the SSA containing a chronology of the events (mostly describing the same letters Searcy attached to his complaint) and also attaching copies of the correspondence.
 
 
 25
 On March 3, 1990, Searcy sent a copy of a notarized letter to the District Director of the SSA, 461 South 4th East, Salt Lake City, requesting "all documents in agency files pertaining to the requestor, Ricki G. Searcy." Complaint, Exhibit H. Apparently the SSA sent the letter back to Searcy with a post-it note attached to the front; the post-it note bears a handwritten message saying that the SSA needs an original letter with original signatures. Complaint, Exhibit B.
 
 
 26
 On March 14, 1990, the branch manager of the Murray SSA office sent Searcy a letter saying that the Murray Office does not have any documents or files relating to him.
 
 
 27
 Searcy claims he tried sending his request to the Salt Lake SSA office again on March 20, 1990; the photocopy attached to the complaint shows that the second request is identical to the first, except the notary public is different. Complaint, Exhibit D. The magistrate judge infers the copy sent to the SSA included Searcy's original signature. The SSA claims it has no record of the second request. Declaration of Jack Gallagher, p 3.
 
 
 28
 Having received no answer to his last request, on May 3, 1990, Searcy wrote to the Assistant Secretary of Public Affairs in Washington, D.C. Complaint, Exhibit E. The letter is styled as a FOIA appeal of the SSA's failure to provide the documents Searcy had previously requested at least twice in March of 1990.
 
 
 29
 On May 23, 1990, the HHS Office of Public Inquiries sent Searcy a letter purporting to respond to Searcy's letter of May 3, but actually does not address the question of access to his SSA records, except to say that Searcy can get a copy of his application for a Social Security number and a list of all his reported earnings from any Social Security office, and suggesting that Searcy visit the nearest Social Security office:
 
 
 30
 To determine which other records you want us to search, you might want to visit the nearest Social Security office to review a list of our systems of records. The people there will be glad to help you.
 
 
 31
 Emphasis added. Complaint, Exhibit F.
 
 
 32
 The SSA located Searcy's disability claims file. Affidavit of Jack Gallagher, p 6. On July 13, 1991, the Salt Lake District Manager sent Searcy a letter informing him that HHS regulations required Searcy to designate a physician to review Searcy's medical records before the medical records could be released. Complaint, Exhibit G. The letter also asked Searcy to send a request bearing his original signature, and attached a form for him to fill in the name and address of his physician and return to the SSA. Searcy did not return the form.
 
 
 33
 Searcy filed this complaint on January 8, 1991. On January 24, 1991, two weeks after the complaint was filed and nearly ten months after Searcy sent his first request to the SSA Salt Lake office, the SSA Freedom of Information Officer sent him a letter explaining the procedures for obtaining different types of records maintained by the SSA, and informing him of the HHS regulation requiring an individual desiring information to specify which system of records he wants HHS to search.
 
 DISCUSSION
 
 34
 Congress intended that the Freedom of Information Act and the Privacy Act complement each other in providing access to government records: the Freedom of Information Act was designed to enable the public to obtain information about government processes and practices, while the Privacy Act was intended to help individuals gain access to government records about themselves, to correct erroneous information in those records, and to ensure the confidentiality of records pertaining to individuals. Robert F. Bouchard and Justin D. Franklin, Guidebook to the Freedom of Information and Privacy Acts at 21-22, 90-91 (Clark Boardman Co, Ltd, 1980). An individual who requests access to information about herself in agency records using both the Privacy Act and FOIA is entitled to the cumulative total of access rights under the two Acts. Clarkson v. IRS, 678 F.2d 1368, 1377 (11th Cir.1982) (quoting Bouchard and Franklin, Guidebook at 21). When an individual requests information about herself using both Acts, the agency may employee Privacy Act procedures to process the request. See Porter v. U.S. Dept. of Justice, 717 F.2d 787 at 799 (3rd Cir.1983) (quoting 40 FR 56742-43 (1975)).
 
 
 35
 HHS has ruled that an individual's request for her own records, to the extent the records are contained in a "system of records," will be handled under the Privacy Act and HHS regulations under the Privacy Act. 45 C.F.R. § 5.4(b) (1990). If a record need not be released under the Privacy Act, then HHS will consider the request under FOIA. Id.
 
 
 36
 An individual making a request under the Privacy Act must address the request to the systems manager of a given system of records and specify which systems of records she wishes to have searched and the records to which she wishes to have access. 45 C.F.R. § 5b.5(a)(2). Pursuant to the authority given it in 5 U.S.C. § 552a(f)(3), HHS has promulgated a rule establishing "special procedures" for obtaining medical records. 45 C.F.R. § 5b.6. The rule requires that the individual seeking access to her medical records designate in writing, at the time of the request, a physician, other health professional, or other responsible individual willing to review the record and inform the individual of its contents. § 5b.6(b)(1)(ii). However, the SSA official may grant an individual direct access to her medical records if the official decides that direct access is unlikely to adversely affect the individual. § 5b.6(b)(2).
 
 
 37
 Unless the individual is personally known to the SSA official, an individual making a request for access to a record must verify her identity. 5 U.S.C. § 552a(f)(2); 45 C.F.R. § 5b.5(b). An individual who does not make the request in person or by telephone must submit a notarized request or certify in her request that she is the individual who she claims to be and that she understands that a request for records under false pretenses is a criminal offense subject to a $5,000 fine. 45 C.F.R. § 5b.5(b)(2)(ii).
 
 
 38
 This is a case where the SSA's bungling of Searcy's request has brought on an unnecessary lawsuit. First, the SSA never informed Searcy that it was handling his combined FOIA and Privacy Act request under the Privacy Act, and that he must first comply with the SSA regulations and procedures under the Privacy Act. Second, the SSA did not tell Searcy, until after the lawsuit was filed, that he must specify the systems of records he wants searched, nor outline the specific procedures for complying with the Privacy Act regulations. Third, the SSA has been very dilatory in responding to Searcy's letters, even though the Privacy Act, unlike FOIA, does not require the agency to respond to an individual's request for access to her record within a specified time. (However, a request for amendment of a record under the Privacy Act must be acknowledged within 10 days. 5 U.S.C. § 552a(d)(2)(A)). It is easy to see how Searcy could have thought that the SSA was refusing or ignoring his request.
 
 
 39
 Nevertheless, this lawsuit is premature because the SSA never actually refused to comply with a properly framed request under the Privacy Act. The agency is justified in treating his request as one under the Privacy Act. Requests under the Privacy Act must specify a system of records; requests for all records held by the SSA under an individual's name or social security number are too broad.
 
 
 40
 Nor has Searcy has indicated a valid reason the court should grant him relief from the SSA's requirement that he designate a physician or "other responsible individual" to review his medical records. The phrase, "other responsible individual" obviously refers to a third person, not Searcy himself.
 
 
 41
 The magistrate judge concludes that it would be inappropriate for the court to exercise jurisdiction at this juncture: pursuit along the proper administrative avenues will probably snag the documents plaintiff desires.
 
 
 42
 Plaintiff's motion for statutory damages and attorney's fees is moot since he has not substantially prevailed. In any case, the Tenth Circuit has ruled that pro se litigants are not entitled to attorney's fees under FOIA. Burke v. Dept. of Justice, 432 F.Supp. 251 (D.Kan.1976), aff'd 559 F.2d 1182 (10th Cir.1977). Nor are pro se plaintiffs eligible for attorney's fees under the Privacy Act. Barrett v. U.S. Customs Service and Dept of Treasury, 482 F.Supp. 779 (ED La.1980). The Supreme Court has recently ruled that even a lawyer who represents himself in a successful civil rights action may not recover attorney's fees under 42 U.S.C. § 1988:
 
 
 43
 A rule that authorizes awards of counsel fees to pro se litigants ... would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.
 
 
 44
 Kay v. Ehrler & Kentucky Board of Elections, 111 S.Ct. 1435, 1438 (1991). The statutory policy of § 1988 in favor of encouraging plaintiffs to hire attorneys to litigate meritorious claims applies to FOIA and Privacy Act claims as well.
 
 
 45
 Plaintiff's motion for detailed justification, itemization, and indexing under Vaughn v. Rosen is premature and irrelevant to the issues in this case: this type of motion is appropriate when the agency denies a request under FOIA because the requested information is claimed to be exempt. Keese v. U.S., 632 F.Supp. 85, 91-92 (SD Texas 1985).
 
 Recommendation
 
 46
 THEREFORE, IT IS RECOMMENDED that the plaintiff's motion for summary judgment be DENIED, and the defendant's motion to dismiss be GRANTED without prejudice to the plaintiff should the defendant refuse to comply with a proper request under the Privacy Act and HHS regulations under the Privacy Act, or withhold records that would be available under FOIA, though not the Privacy Act.
 
 
 47
 IT IS FURTHER RECOMMENDED that the plaintiff's motion for statutory damages and attorney fees be DENIED, and that the plaintiff's motion for a detailed justification, itemization, and indexing under Vaughn v. Rosen be DENIED.
 
 
 48
 Copies of the foregoing report and recommendation are being mailed to the parties. They are hereby notified of their right to file objections hereto within 10 days from the receipt hereof.
 
 
 49
 /s/Calvin Gould
 
 United States Magistrate Judge
 
 50
 Ricki Gene Searcy, Plaintiff,
 
 
 51
 vs.
 
 
 52
 Social Security Administration, Defendant.
 
 Case No. 91-C-0026J
 Sept. 19, 1991
 ORDER
 
 53
 The plaintiff, Ricki Gene Searcy,
 
 
 54
 filed an action with this court under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552(a). Plaintiff seeks an order requiring the Social Security Administration to produce all documents in its files pertaining to the plaintiff and awarding plaintiff attorneys fees. Plaintiff has filed a Motion For Summary Judgment and defendant has filed a Motion To Dismiss. Additionally, plaintiff has filed a Motion For Statutory Damages And Attorneys Fees and a Motion Under Vaughn v. Rosen For A Detailed Justification, Itemization And Indexing.
 
 
 55
 The court referred the matter to the magistrate pursuant to 28 U.S.C. § 636(b)(1)(B). After determining that oral argument would not be of material assistance, the magistrate issued a report recommending that plaintiff's Motion For Summary Judgment be denied. The magistrate's report further recommended that defendant's Motion To Dismiss be granted without prejudice to the plaintiff should the defendant refuse to comply with a proper request under the Privacy Act and HHS regulations under the Privacy Act, or withhold records that would be available under the Freedom of Information Act, though not the Privacy Act. Additionally, the magistrate's report recommended that plaintiff's Motion For Statutory Damages And Attorneys Fees be denied and that plaintiff's Motion Under Vaughn v. Rosen For A Detailed Justification, Itemization And Indexing be denied.
 
 
 56
 The plaintiff has filed an objection to the magistrate's Report and Recommendation. After reviewing the file and carefully considering the magistrate's Report and Recommendation and the plaintiff's objection, the court adopts the magistrate's Report and Recommendation. Therefore, plaintiff's Motion For Summary Judgment is hereby DENIED. Additionally defendant's Motion To Dismiss is hereby GRANTED without prejudice to the plaintiff should the defendant refuse to comply with a proper request under the Privacy Act and HHS regulations under the Privacy Act, or withhold records that would be available under the Freedom of Information Act, though not the Privacy Act. Furthermore, plaintiff's Motion For Statutory Damages And Attorneys Fees is hereby DENIED and plaintiff's Motion Under Vaughn v. Rosen For A Detailed Justification, Itemization And Indexing is hereby DENIED.
 
 
 57
 IT IS SO ORDERED.
 
 
 58
 /s/Bruce S. Jenkins, Chief Judge
 
 United States District Court
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 5 USC § 552(a)(4)(C) reads:
 Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs, for good cause shown.
 
 
 [2]
 F.R.C.P. 56(e) provides:
 No judgment by default shall be entered against the United States or an officer of agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.