# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

Nos. 17-30898, 17-30901, 17-30999

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2018

Lyle W. Cayce
Clerk

MICHAEL W. GAHAGAN,

      Plaintiff-Appellant,

v.

UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES,

      Defendant-Appellee.

————————————

MICHAEL GAHAGAN,

      Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF JUSTICE; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT; EXECUTIVE OFFICE OF IMMIGRATION REVIEW, UNITED STATES DEPARTMENT OF JUSTICE,

      Defendants-Appellees.

————————————

MICHAEL W. GAHAGAN,

      Plaintiff-Appellant,

v.

UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES; U.S. CUSTOMS & BORDER PROTECTION,

      Defendants-Appellees.

Nos. 17-30898, 17-30901, 17-30999

_____

Appeals from the United States District Court
for the Eastern District of Louisiana

_____

Before DAVIS, COSTA, and OLDHAM, Circuit Judges.

ANDREW S. OLDHAM, Circuit Judge:

The question presented is whether attorneys appearing *pro se* can recover fees under the Freedom of Information Act ("FOIA"). The district court held no. We affirm.

I.

A.

Michael W. Gahagan is an immigration attorney. He uses FOIA to obtain government documents. In these consolidated cases, he requested documents from various federal agencies. Gahagan requested some of these documents to assist immigration clients. Others he requested for personal reasons. He made each request in his own name.

Gahagan was unsatisfied with the Government's response to his requests. So he filed three separate *pro se* lawsuits. In each case, Gahagan was considered the prevailing party and moved for an award of costs and fees. Each district judge awarded Gahagan costs. But each judge also held Gahagan was ineligible for attorney fees under FOIA.[1] Gahagan appealed each denial of fees.

_____

[1] There are at least eleven competing terms we could use instead of "attorney fees." *See Haymond v. Lundy*, 205 F. Supp. 2d 403, 406 n.2 (E.D. Pa. 2002). But "[i]n line with the form used in the statute we are interpreting, we will use 'attorney fees' in this case, except where quoting other authorities" or referring to awards under other statutes. *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 253 n.1 (6th Cir. 1997); *see* 5 U.S.C. § 552(a)(4)(E)(i) ("attorney fees").

B.

"Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule:  Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015). Courts "have recognized departures from the American Rule only in 'specific and explicit provisions for the allowance of attorneys' fees under selected statutes.'" *Ibid.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 (1975)).  The Supreme Court analyzes a statute's specificity and explicitness in the context of a particular fee request.  That a statute is sufficiently specific and explicit to authorize one type of fee award does not make it sufficiently specific and explicit to authorize another type of fee award. *See id.* at 2165.

FOIA authorizes courts to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).  By authorizing a court to "assess . . . reasonable attorney fees," that provision overcomes the American Rule in at least some circumstances.  In this particular circumstance, however, the question is whether FOIA specifically and explicitly authorizes a fee award to an attorney appearing *pro se*.

Three precedents bear on that question.  The first is our decision in *Cazalas v. DOJ*, 709 F.2d 1051 (5th Cir. 1983).  In that case, we decided "a litigant attorney represent[ing] herself or himself" is eligible for "an award of attorney fees under the FOIA." *Id.* at 1057.  Judge Garwood dissented.  Circuit precedent denies fees to "a nonattorney *pro se* litigant," and Judge Garwood did "not believe that Congress intended to discriminate between *pro se* FOIA

3

Nos. 17-30898, 17-30901, 17-30999

litigants solely on the basis of whether they were licensed to practice law." *Id.* at 1059 (Garwood, J., concurring in part and dissenting in part).

The second key precedent is *Kay v. Ehrler*, 499 U.S. 432 (1991). *Kay* involved 42 U.S.C. § 1988, which authorizes an award of "a reasonable attorney's fee" to "the prevailing party" in a civil rights case. In *Kay*, the Court rejected "[a] rule that authorizes awards of counsel fees to *pro se* litigants— even if limited to those who are members of the bar," for fear it "would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf." 499 U.S. at 438. The Court instead emphasized that "[t]he statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case." *Ibid.* Therefore, the Supreme Court held "a *pro se* litigant who is also a lawyer may [not] be awarded attorney's fees." *Id.* at 435.

The third precedent is *Texas v. ICC*, 935 F.2d 728 (5th Cir. 1991). In *ICC*, "Texas sued the Interstate Commerce Commission under [FOIA] to force the ICC to disclose certain documents." *Id.* at 729. Texas prevailed. The district court nonetheless denied its motion for attorney fees. The ICC defended that result by arguing we had "previously held that some classes of 'complainants'—namely, *pro se* plaintiffs—are not eligible for fee-shifting." *Id.* at 731. The ICC contended legislative history similarly prohibited states from recovering fees. *Ibid.* We disagreed. After all, *Cazalas* had "held that lawyers who represent themselves in FOIA actions may recover under the fee-shifting provision." *Ibid.* (citing *Cazalas*, 709 F.2d at 1055–57). We ultimately concluded "courts can in appropriate circumstances award attorneys fees to states." *Id.* at 733.

In the consolidated cases before us today, three different district judges rejected Gahagan's claims for fees. The lead opinion, by Judge Feldman, is

4

thoughtful and well-reasoned. It notes every other court of appeals to consider the question after *Kay* has held FOIA disallows prevailing-party fees for *pro se* attorneys. And it notes *ICC*—which we decided just three months after *Kay*—says nary a word about the Supreme Court's unanimous holding in that case. Judge Feldman therefore followed *Kay* and denied Gahagan's fee request. *See Gahagan v. U.S. Citizenship & Immigration Servs.*, No. 16-cv-15438, 2017 WL 4003851, at *3–4, *7 (E.D. La. Sept. 12, 2017). Two other district judges rejected Gahagan's requests for the same reasons. *See Gahagan v. U.S. Citizenship & Immigration Servs.*, No. 15-cv-6218, 2017 WL 6540409, at *1 (E.D. La. Dec. 21, 2017); *Gahagan v. DOJ*, No. 13-cv-5526, 2017 WL 4168409, at *1 (E.D. La. Sept. 20, 2017). Our review is *de novo*. *See ICC*, 935 F.2d at 730.

## II.

Everyone agrees we must reverse if *Cazalas* remains binding precedent. Whether *Cazalas* is still binding turns on first- and second-order questions under the rule of orderliness. The first question is whether *ICC* requires us to follow *Cazalas*. It does not. The second question is whether *Kay* requires us to abandon *Cazalas*. It does.

## A.

In considering these questions, we follow the well-settled rule of orderliness: "[T]hree-judge panels . . . abide by a prior Fifth Circuit decision until the decision is overruled, expressly or implicitly, by either the United States Supreme Court or by the Fifth Circuit sitting en banc." *Cent. Pines Land Co. v. United States*, 274 F.3d 881, 893 (5th Cir. 2001) (quotation omitted). Fifth Circuit precedent is implicitly overruled if a subsequent Supreme Court opinion "establishes a rule of law inconsistent with" that precedent. *Gonzalez v. Thaler*, 623 F.3d 222, 226 (5th Cir. 2010); *see also Carter v. S. Cent. Bell*, 912 F.2d 832, 840 (5th Cir. 1990) (requiring adherence

to a prior panel's interpretation "unless that interpretation is irreconcilable with" a later Supreme Court decision). "[F]or a Supreme Court decision to override a Fifth Circuit case, the decision must unequivocally overrule prior precedent; mere illumination of a case is insufficient." *United States v. Petras*, 879 F.3d 155, 164 (5th Cir. 2018) (quotation omitted).

The question at the heart of this case is whether *Cazalas* remains precedential after *Kay*. Before we reach that question, however, we must satisfy ourselves that *ICC* did not already answer it. After all, "whether [*Cazalas*] has been abrogated is itself a determination subject to the rule of orderliness." *Stokes v. Sw. Airlines*, 887 F.3d 199, 205 (5th Cir. 2018). So *if* a prior panel already held *Cazalas* survived *Kay*, we'd be duty-bound to say the same.

*ICC*, however, said no such thing. At no point did *ICC* even cite *Kay*, much less analyze whether it overruled *Cazalas*. That is hardly surprising. Although one party cited *Kay* in a letter filed under Federal Rule of Appellate Procedure 28(j), neither party argued *Kay* had overruled *Cazalas*. And *ICC* considered an altogether different question from both *Kay* and *Cazalas*— namely, whether a state could recover fees. All *ICC* did was cite *Cazalas* on the way to answering that question.

An opinion restating a prior panel's ruling does not *sub silentio* hold that the prior ruling survived an uncited Supreme Court decision. *See Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004) (explaining decisions are not precedent on "[q]uestions which merely lurk in the record" (quotation omitted)); *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993) (explaining an opinion is not binding precedent on an issue "never squarely addressed" even if the opinion "assumed" one resolution of the issue); *cf. Wilson v. Taylor*, 658 F.2d 1021, 1034–35 (5th Cir. Unit B Oct. 1981) (refusing to apply the rule of orderliness to a Fifth Circuit decision that conflicted with an earlier, uncited

Nos. 17-30898, 17-30901, 17-30999

Supreme Court opinion). Therefore, neither *ICC* nor any other post-*Kay* decision of this Court triggers the rule of orderliness. *See Chin v. U.S. Dep't of Air Force*, No. 99-31237, 2000 WL 960515, at \*1 (5th Cir. June 15, 2000) (per curiam) (declining to "decide whether *Cazalas* . . . is rendered moribund by *Kay*").

### B.

The question then is whether *Cazalas* survives of its own accord. Whether a Supreme Court decision implicitly overrules a prior Fifth Circuit decision depends on context. That two decisions involve different statutes is not dispositive. Sometimes a Supreme Court decision involving one statute implicitly overrules our precedent involving another statute. *See Stokes*, 887 F.3d at 204; *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 775 (5th Cir. 2003). Sometimes it does not. *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013); *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).[2] The overriding consideration is the similarity of the issues decided. *Compare Stokes*, 887 F.3d at 204 (refusing to adhere to a Fifth Circuit decision because the issues were similar), *with Petras*, 879 F.3d at 164–65 (adhering to a Fifth Circuit decision because the issues were dissimilar).

Here, *Cazalas* and *Kay* confronted very similar issues. They both interpreted the word "attorney" in a statute authorizing attorney fees. *See* 5 U.S.C. § 552(a)(4)(E)(i) ("attorney fees"); 42 U.S.C. § 1988 ("attorney's fee"). *Cazalas* itself recognized the similarity of the statutes by discussing precedent

---

[2] We do not understand *Diaz-Esparza v. Sessions* to suggest Supreme Court precedent *never* implicitly overrules Fifth Circuit precedent "involv[ing] different statutory provisions." 697 F. App'x 338, 340 (5th Cir. 2017) (per curiam). Such a ruling would conflict with the circuit precedent cited above, precedent *Diaz-Esparza* did not cite. Regardless, as an unpublished opinion vacated by the Supreme Court, *Diaz-Esparza* is doubly nonprecedential. *See* 5TH CIR. R. 47.5.4; *Diaz-Esparza v. Sessions*, 138 S. Ct. 1986 (2018) (granting certiorari, vacating, and remanding in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)).

Nos. 17-30898, 17-30901, 17-30999

interpreting § 1988 in its analysis of FOIA. *See Cazalas*, 709 F.2d at 1056 (citing *Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980)).

The Supreme Court has repeatedly instructed us to apply consistent interpretations to federal fee-shifting statutes. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 n.4 (2001) ("We have interpreted these fee-shifting provisions consistently, and so approach the nearly identical provisions at issue here." (citation omitted)); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("This language is similar to that of many other federal fee-shifting statutes; our case law construing what is a 'reasonable' fee applies uniformly to all of them." (citation omitted)); *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n.2 (1989) ("We have stated in the past that fee-shifting statutes' similar language is a strong indication that they are to be interpreted alike." (quotation omitted)); *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'").[3]

All of our sister circuits have heeded those instructions. Before *Kay*, the eligibility of *pro se* attorneys for fee awards under FOIA split the circuits. *Compare Aronson v. HUD*, 866 F.2d 1, 5 (1st Cir. 1989), *and Falcone v. IRS*, 714 F.2d 646, 646 (6th Cir. 1983), *with Cazalas*, 709 F.2d at 1057, *and Cuneo v. Rumsfeld*, 553 F.2d 1360, 1367 (D.C. Cir. 1977). Since *Kay*, however, every

---

[3] Gahagan notes this Court has described "[t]he history, language, and purpose of" FOIA as "differ[ing] significantly from those of the civil rights statutes" and treated "decisions under one of the statutes [as] inapposite to cases arising under the other." *Cofield v. City of Atlanta*, 648 F.2d 986, 988 (5th Cir. Unit B June 1981). But *Cofield* contrasted FOIA and § 1988—over Judge Clark's dissent—to distinguish a D.C. Circuit opinion that was itself overruled by *Kay*. *See Benavides v. Bureau of Prisons*, 993 F.2d 257, 259–60 (D.C. Cir. 1993) (recognizing *Kay* overruled *Cox v. DOJ*, 601 F.2d 1 (D.C. Cir. 1979)). In any event, to the extent *Cofield* suggests decisions interpreting § 1988 do not inform our interpretation of FOIA's fee-shifting provision, it does not survive the subsequent Supreme Court decisions interpreting all federal fee-shifting provisions consistently.

8

circuit to consider the issue has applied *Kay* to FOIA. *See Pietrangelo v. U.S. Army*, 568 F.3d 341, 344–45 (2d Cir. 2009) (per curiam); *Burka v. HHS*, 142 F.3d 1286, 1290 (D.C. Cir. 1998); *Ray v. DOJ*, 87 F.3d 1250, 1252 (11th Cir. 1996); *see also Searcy v. Soc. Sec. Admin.*, No. 91-4181, 1992 WL 43490, at *1, *6 (10th Cir. Mar. 2, 1992). Perhaps most powerfully, the D.C. Circuit expressly abandoned its pre-*Kay* FOIA precedent in light of *Kay*. *See Burka*, 142 F.3d at 1290.

Were we to hold that a *pro se* attorney is eligible for fees, we would be the only court of appeals to do so after *Kay*. "We are always chary to create a circuit split," *United States v. Graves*, 908 F.3d 137, 142 (5th Cir. 2018) (quotation omitted), including when applying the rule of orderliness. *See Stokes*, 887 F.3d at 201, 205. We refuse to create one here.

Of course, the principle that federal fee-shifting statutes are interpreted consistently is not limitless. We would not apply it when statutes have materially different texts. *See Buckhannon*, 532 U.S. at 603 n.4 (noting the provisions at issue were "nearly identical"); *Dague*, 505 U.S. at 562 (similar); *Indep. Fed'n of Flight Attendants*, 491 U.S. at 758 n.2 (similar).[4] But there is no textual difference suggesting a prevailing *pro se* attorney is eligible for an award of fees under FOIA but not § 1988. On that issue, *Kay* interpreted text materially identical to the text of FOIA. *Compare* 5 U.S.C. § 552(a)(4)(E)(i) ("reasonable attorney fees"), *with* 42 U.S.C. § 1988 ("a reasonable attorney's fee").

Thus, the background principle—federal fee-shifting statutes should be interpreted consistently—applies with full force to the eligibility of *pro se*

---

[4] For example, after the Supreme Court rejected the "catalyst theory" of "prevailing party" status, Congress amended FOIA to make it easier for a plaintiff to recover fees. *See Batton v. IRS*, 718 F.3d 522, 524–26, 525 n.2 (5th Cir. 2013); 5 U.S.C. § 552(a)(4)(E)(ii) ("substantially prevailed"). Thus, courts must interpret FOIA and other fee-shifting statutes differently in that regard.

Nos. 17-30898, 17-30901, 17-30999

attorneys for fee awards. For that reason, *Kay* provided more than "mere illumination"; it "unequivocally overrule[d]" *Cazalas*. *Petras*, 879 F.3d at 164 (quotation omitted). After *Kay*, *Cazalas* no longer represents binding precedent on the eligibility of *pro se* attorneys to recover fee awards under FOIA.

### III.

The parties appropriately focus on precedent. As do we. It is nonetheless appropriate to note FOIA's text supports the result precedent commands. To paraphrase Chief Justice Marshall, it is after all a *statute* we are expounding. *Cf. McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 407 (1819); *BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004) (plurality opinion) ("[O]ur inquiry begins with the statutory text, and ends there as well if the text is unambiguous.").

*Kay* considered the meaning of "attorney" in § 1988's use of "a reasonable attorney's fee." 499 U.S. at 435–36. As noted above, FOIA is materially identical in that regard. *See* 5 U.S.C. § 552(a)(4)(E)(i) ("reasonable attorney fees"). But "attorney" is not the only relevant word in FOIA.

Unlike § 1988, FOIA limits awards to those fees "reasonably incurred." 5 U.S.C. § 552(a)(4)(E)(i) ("reasonable attorney fees and other litigation costs reasonably incurred"); *see also Barrett v. Bureau of Customs*, 651 F.2d 1087, 1089 (5th Cir. Unit A July 1981) ("'[R]easonably incurred' can and does modify the larger phrase 'reasonable attorney fees and other litigation costs.'"). The "general rule" is that "fees are 'incurred' when the litigant has a legal obligation to pay them." *United States v. Claro*, 579 F.3d 452, 464 (5th Cir. 2009). Because Gahagan had no legal obligation to pay himself, he did not "incur" any attorney fees under the general rule. *See id.* at 465; *Cazalas*, 709 F.2d at 1059 (Garwood, J., concurring in part and dissenting in part)

10

Nos. 17-30898, 17-30901, 17-30999

("Attorney 'fees' are not generated by a person doing something for himself or herself; and 'incurred' likewise imports a relationship to one or more others.").

Therefore, the textual argument for denying fee awards to *pro se* attorneys is even stronger under FOIA than under § 1988, which does not contain the independent requirement that fees be "incurred." As we noted in *Claro*, other courts "have recognized exceptional situations for which an award of attorney's fees is *not* contingent upon an obligation to pay counsel," despite the "incurred" requirement. 579 F.3d at 465. But these exceptions—based on "legislative history" regarding *pro bono* representation and "policy reasons" related to a litigant's insurance coverage, *id.* at 465–66—would not apply to Gahagan in any event. Accordingly, we need not decide their validity here. *See id.* at 467–68 (concluding the exceptions did not apply without resolving their validity).

\*     \*     \*

In the end, we have (1) *Kay*'s ruling that *pro se* attorneys cannot recover fees under § 1988; (2) Supreme Court instructions that federal fee-shifting statutes should be interpreted consistently; (3) the uniform agreement of our sister circuits that *pro se* attorneys cannot recover attorney fees under FOIA after *Kay*; and (4) statutory text supporting that result. For these reasons, we hold *pro se* attorneys are ineligible for fee awards under FOIA. The judgments are AFFIRMED.

11