# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 18-60322
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2019

Lyle W. Cayce
Clerk

JOSE LUIS MORALES-CARDOSO,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

———————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 596 991

———————

Before JOLLY, HIGGINSON, AND COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Luis Morales-Cardoso, a native and citizen of Mexico, petitions this court for review of the dismissal of his appeal by the Board of Immigration Appeals (BIA). Morales-Cardoso applied for asylum, withholding of removal, and relief under the Convention Against Torture. An Immigration Judge (IJ) denied his application. The BIA affirmed and rejected Morales-Cardoso's assertion that the date of his drug possession conviction should have been used

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60322

to determine the end of his period of continuous residence under 8 U.S.C. § 1229b(d)(1); *Calix v. Lynch*, 784 F.3d 1000, 1011-12 (5th Cir. 2015).

Morales-Cardoso raises two new arguments not brought before the BIA. Because the issue was not exhausted, this court lacks jurisdiction to consider the adequacy of the notice to appear. *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009); 8 U.S.C. § 1252(d)(1). We decline to consider whether the conviction date of a qualifying drug offense triggers the stop-time rule in § 1229b(d)(1), as this argument was raised for the first time in Morales-Cardoso's reply brief, *Diaz v. Sessions*, 894 F.3d 222, 226 n.2 (5th Cir. 2018), and we cannot overrule the decision of another panel of this court absent an intervening change in the law, *Gahagan v. United States Citizenship & Immigration Servs.*, 911 F.3d 298, 302 (5th Cir. 2018).

We have jurisdiction to consider Morales-Cardoso's challenge to the constitutionality of § 1229b. *Nehme v. INS*, 252 F.3d 415, 421 (5th Cir. 2001). This argument is meritless. Congress did not delegate discretion to enforce immigration laws. That discretion arises from the Constitution itself. U.S. CONST. art. II, § 3; *Reno v. Am.-Arab Anti-Discrim. Comm.*, 525 U.S. 471, 483-84, 489-91 (1999).

Accordingly, Morales-Cardoso's petition is DISMISSED IN PART and DENIED IN PART.