# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2019

No. 19-10346
Summary Calendar

Lyle W. Cayce
Clerk

MCR OIL TOOLS, L.L.C.,

     Plaintiff - Appellee

v.

SPEX GROUP US, L.L.C.; SPEX ENGINEERING (UK), LIMITED,

     Defendants - Appellants

Appeal from the United States District Court
Northern District of Texas
USDC No. 3:18-CV-731

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellee MCR Oil Tools, L.L.C. ("MCR") filed this lawsuit against Defendants-Appellants SPEX Group US, L.L.C. and SPEX Engineering (UK), Limited ("SPEX") in state court in Texas. The complaint alleged that SPEX misappropriated trade secrets and engaged in unfair competition.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10346

After removing the suit to federal court, SPEX sought to dismiss MCR's claims under Texas's anti-SLAPP statute, the Texas Citizens Participation Act ("TCPA"). *See* TEX. CIV. PRAC. & REM. CODE § 27.001–27.011. MCR later moved to determine the applicability of the TCPA, a state law, in federal diversity cases like this one. The district court held that the TCPA did not apply in federal court and thus denied as moot SPEX's motion to dismiss MCR's suit under the TCPA.

SPEX appealed, arguing that the TCPA does in fact apply in federal court and that the district court erred by holding otherwise. SPEX also argued that MCR should have been estopped from challenging the applicability of the TCPA after fighting SPEX's motion to dismiss on the merits for several months.

SPEX's appeal was held in abeyance pending the decision by a different panel of this court in *Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019), *as revised* (Aug. 29, 2019). The panel in *Klocke* was faced with deciding as an issue of first impression whether the TCPA applies in federal court. *Id.* at 242. The court held that "the TCPA does not apply to diversity cases in federal court." *Id.*

Under the "rule of orderliness," "[t]hree-judge panels . . . abide by a prior Fifth Circuit decision until the decision is overruled, expressly or implicitly, by either the United States Supreme Court or by the Fifth Circuit sitting en banc." *Gahagan v. United States Citizenship & Immigration Servs.*, 911 F.3d 298, 302 (5th Cir. 2018) (internal quotation marks and citation omitted). Accordingly, pursuant to *Klocke*, the district court's decision to deny SPEX's motion to dismiss on the ground that the TCPA does not apply in federal court is AFFIRMED.