# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2023

Lyle W. Cayce
Clerk

―――――――――

No. 22-10544

―――――――――

United States of America,

*Plaintiff—Appellee*,

*versus*

Jeremy Glenn Powell,

*Defendant—Appellant*.

―――――――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-511-1

―――――――――――――――――――――――――――

Before Higginbotham, Graves, and Douglas, *Circuit Judges*.
Patrick E. Higginbotham, *Circuit Judge*:

Jeremy Glenn Powell's sentence was enhanced by enhancement provisions in the Armed Career Criminal Act. Powell appeals, arguing that following the Supreme Court's decision in *United States v. Taylor*, a conviction for Texas robbery-by-threat is no longer a predicate offense under that act. We AFFIRM.

## I.

In 2017, Jeremy Glenn Powell pled guilty without a plea agreement to possession of a firearm after a felony conviction, in violation of 18 U.S.C. §

No. 22-10544

922(g)(1). At the time of his plea, Powell had been convicted of thirty-two crimes. Five are relevant here: Texas burglary of a habitation, Texas robbery-by-threat, Texas robbery-by-injury (twice), and Texas aggravated robbery-by-threat with a deadly weapon. At Powell's sentencing, the Government argued that these five crimes were each predicate offenses under the ACCA subjecting Powell to a mandatory minimum of 15 years' imprisonment. The district court rejected that argument, relying on then-applicable precedent, and sentenced Powell to 120 months' imprisonment. Both Parties appealed.

The year after Powell was sentenced and while his appeal was pending, this Court held in *United States v. Burris* that Texas simple robbery was a categorically violent felony,[1] prompting a separate panel to vacate Powell's sentence and remand for resentencing.[2] But before Powell was resentenced two additional decisions issued. First, in 2021 the Supreme Court vacated *Burris* in light of its decision in *Borden v. United States*,[3] which, in broad strokes, held that offenses committed with a *mens rea* of recklessness could not qualify as an ACCA predicate offense.[4] Second, in January 2022 this Court in *United States v. Garrett* held that Texas simple robbery was divisible into two distinct crimes—robbery-by-injury and robbery-by-threat—and that robbery-by-injury did not categorically qualify as an ACCA predicate offense but that Texas robbery-by-threat did.[5] The following

---

[1] *See* 920 F.3d 942, 945 (5th Cir. 2019), *cert. granted, judgment vacated*, 141 S. Ct. 2781 (2021), *and abrogated by Borden v. United States*, 141 S. Ct. 1817 (2021).

[2] *See United States v. Powell*, 785 F. App'x 227, 227 (5th Cir. 2019) (unpublished) (per curiam).

[3] 141 S. Ct. 2780–81 (2021).

[4] *See generally* 141 S. Ct. 1817 (2021).

[5] *See generally* 24 F.4th 485 (5th Cir. 2022).

2

No. 22-10544

month, this Court remanded Powell's case for resentencing in accordance with *Garrett*.[6]

On remand in May 2022, Powell argued that his sentence should not be enhanced under the ACCA, as robbery-by-threat did not qualify as an ACCA predicate because it could be accomplished without the use or threatened use of force and absent that he did not have three ACCA predicate convictions. Powell conceded that *Garrett* foreclosed his challenge but stated that he was asserting it to preserve it "for purposes of appellate review." That month, the district court sentenced Powell to 189 months of imprisonment pursuant to the ACCA, finding that three of his convictions— burglary of a habitation, robbery-by-threat, and aggravated robbery-by-threat with a deadly weapon—were ACCA predicates, and ordered the sentence to run concurrently with the undischarged portion of a prior ACCA sentence that Powell agreed not to contest. The district court also imposed a three-year term of supervised release. On June 2, 2022, Powell timely appealed.

Three weeks later, the Supreme Court issued *United States v. Taylor*, which held that attempted Hobbs Act robbery was not categorically a "violent felony" under the ACCA because it did not require the use, attempt, or threat of force, as the substantial step requirement for an attempt conviction could be met absent any of these three elements.[7] Now on appeal, Powell argues that *Garrett* cannot stand post-*Taylor*.

---

[6] *See United States v. Powell*, No. 18-11050, 2022 WL 413943, at *1–3 (5th Cir. Feb. 10, 2022).

[7] *See generally* 142 S.Ct. 2015 (2022).

No. 22-10544

## II.

## A.

"We review de novo the district court's characterization of a prior offense as a violent felony under ACCA."[8]

## B.

The ACCA provides that anyone who "knowingly violates subsection . . . (g) of section 922 shall be fined under this title, imprisoned for not more than 15 years, or both."[9] It also provides that any defendant with "three previous convictions by any court . . . for a violent felony . . . shall be fined under this title and imprisoned not less than fifteen years,"[10] thereby addressing the "special danger" associated with "armed career criminals."[11] The Act defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[12]

---

[8] *United States v. Montgomery*, 974 F.3d 587, 592 (5th Cir. 2020) (citing *United States v. Massey*, 858 F.3d 380, 382 (5th Cir. 2017)), *cert. denied*, 141 S. Ct. 2823 (2021).

[9] 18 U.S.C. § 924(a)(8).

[10] *Id.* § 924(e)(1).

[11] *Begay v. United States*, 553 U.S. 137, 146 (2008).

[12] 18 U.S.C. § 924(e)(2)(B).

No. 22-10544

"Subsection (i) of this definition is known as the elements clause."[13] Subsection (ii) is divided into two halves—the first is the "enumerated offenses" clause, while "the end of subsection (ii)—'or otherwise involves conduct that presents a serious potential risk of physical injury to another'—is known as the residual clause."[14] The Supreme Court's 2015 decision in *Johnson v. United States* struck down the residual clause as unconstitutionally vague.[15] By contrast, the other definitions of the term "violent felony" remain viable.[16]

To determine whether a given crime falls under the elements clause, courts first look to the text of the statute at issue to determine if it is "divisible," meaning that it "create[s] multiple, distinct crimes, some violent, some non-violent."[17] If the statute is indivisible, courts employ a so-called "categorical approach,"[18] meaning jurists "'look only to the statutory definitions'—*i.e.*, the elements—of [an offense], and *not* 'to the particular facts underlying those convictions.'"[19] In this context, "[e]lements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction."[20] And "[i]f any—even the least culpable—of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the federal standard, and so cannot

---

[13] *Welch v. United States*, 578 U.S. 120, 123 (2016).

[14] *Id.*

[15] 576 U.S. 591, 606 (2015).

[16] *Id.*

[17] *Garrett*, 24 F.4th at 488 (citing *Mathis v. United States*, 579 U.S. 500, 505 (2016)).

[18] *Johnson v. United States*, 559 U.S. 133, 144 (2010).

[19] *Descamps v. United States*, 570 U.S. 254, 261 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).

[20] *Mathis*, 579 U.S. at 504 (internal quotation marks and citation omitted).

No. 22-10544

serve as an ACCA predicate."[21] "In other words, any crime that can be committed without the use of force cannot serve as an ACCA predicate under the force clause, regardless of whether the actual facts of the case at hand indicate that force was used."[22]

Where a statute is divisible, on the other hand, courts employ a so-called "modified categorical approach"[23] wherein they examine the trial record, "including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms," to ascertain which of the disjunctive elements formed the basis of the conviction.[24] Having done so, courts then "determine whether that crime of conviction requires as an element the use of force."[25] Only then is it a predicate offense for the ACCA's sentencing enhancement.[26]

## C.

Texas Penal Code § 29.02(a) provides that a person commits robbery when:

> in the course of committing theft . . . and with intent to obtain or maintain control of the property, he:
>
> > (1) intentionally, knowingly, or recklessly causes bodily injury to another; or

---

[21] *Borden*, 141 S. Ct. at 1822 (citing *Johnson*, 559 U.S. at 137).

[22] *Garrett*, 24 F.4th at 488.

[23] *See Mathis*, 579 U.S. at 505–06.

[24] *Johnson*, 559 U.S. at 144; *see also Descamps*, 570 U.S. at 257, 277–78.

[25] *Garrett*, 24 F.4th at 488 (citing *Mathis*, 579 U.S. at 504).

[26] *Mathis*, 579 U.S. at 505.

No. 22-10544

> (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.[27]

In *United States v. Garrett*, we turned to whether a conviction under the Texas simple robbery statute was an ACCA predicate offense.[28] Following a review of the statute's text as well as applicable Texas jurisprudence, the *Garrett* panel held that the statute is "divisible,"[29] "creat[ing] two distinct crimes[:] robbery-by-injury and robbery by threat."[30] *Garrett* then concluded that "[r]obbery-by-threat is a violent felony because intentionally or knowingly threatening or placing another in fear of imminent bodily injury or death plainly constitutes the 'threatened use of physical force' under the ACCA."[31]

Six months after this Court decided *Garrett*, the Supreme Court issued *United States v. Taylor*.[32] *Taylor* addressed whether attempted Hobbs Act robbery constituted a "violent felony" under the ACCA.[33] The Court concluded that the offense did not have as an element the use, attempted use, or threatened use of force because one could be convicted absent any of those three elements, meaning it was not a violent felony and thus not an ACCA predicate offense.[34] To illustrate the point, Justice Gorsuch hypothesized an attempted robbery wherein the would-be robber drafts a note to the cashier

---

[27] Tex. Penal Code § 29.02(a).

[28] *See generally* 24 F.4th 485.

[29] *Id.* at 491.

[30] *Id.* at 489.

[31] *Id.*

[32] 142 S. Ct. 2015 (2022).

[33] *See generally id.*

[34] *See generally id.* at 2019–26.

7

No. 22-10544

demanding money under threat of harm but law enforcement foils the robber's plans before he can give the note to the cashier.[35] Because the would-be robber was caught before he perpetrated the robbery, he did not use force, threaten force, or attempt to use force; "[h]e may have intended and attempted to do just that, but he failed."[36]

Powell challenges *Garrett* in light of *Taylor*, contending that because *Taylor* demands a communicated threat, and Texas simple robbery is broader than other states' robbery statutes in allowing for a conviction absent such a threat, *Garrett* cannot stand. The Government counters with three separate but intertwined arguments. (1) As this Court has applied *Garrett* before and after *Taylor*, this Court has already implicitly rejected Powell's argument. (2) This Court's high bar for interpreting an intervening Supreme Court decisions as overturning its precedent precludes reading *Taylor* to overturn *Garrett*. (3) Distinctions between attempted Hobbs Act robbery at issue in *Taylor* and robbery-by-fear in the present action render *Taylor* inapposite. Powell's argument ultimately cannot stand.

### D.

The Government's first rebuttal argument falls short. "It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision."[37] However, "[a]n opinion

---

[35] *Id.* at 2021.

[36] *Id.*

[37] *United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010) (quoting *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999)), *aff'd*, 566 U.S. 231 (2012).

No. 22-10544

restating a prior panel's ruling does not *sub silentio* hold that the prior ruling survived an uncited Supreme Court decision."[38]

None of the three cases applying *Garrett* post-*Taylor* directly address *Taylor*'s effect.[39] They do not cite *Taylor* nor consider its impact on *Garrett*. And for good reason: as "[a]s a general rule, we do not consider arguments raised for the first time in a . . . 28j letter."[40] Indeed, in all three cases, briefing was completed pre-*Taylor*, and the Supreme Court's decision was raised in a one-paragraph Rule 28j letter. And as counsel pointed out at oral argument, neither party moved for more exhaustive supplemental briefing on the issue. They do not bind this panel.[41]

### E.

The Government's next two arguments tread the same ground: did *Taylor* overturn *Garrett*?

"For a Supreme Court decision to override a Fifth Circuit case, the decision must unequivocally overrule prior precedent; mere illumination of

---

[38] *Gahagan v. USCIS*, 911 F.3d 298, 302 (5th Cir. 2018).

[39] *See generally United States v. Sosebee*, 59 F.4th 151 (5th Cir. 2023); *United States v. Wheeler*, No. 19-11022, 2022 WL 17729412 (5th Cir. Dec. 16, 2022) (unpublished) (per curiam); and *United States v. Senegal*, No. 19-40930, 2022 WL 4594608 (5th Cir. Sept. 30, 2022) (unpublished) (per curiam).

[40] *Diaz Esparza v. Garland*, 23 F.4th 563, 571 n.51 (5th Cir.) (quoting *United States v. Huntsberry*, 956 F.3d 270, 282 n.4 (5th Cir. 2020)), *cert. denied*, 143 S. Ct. 87 (2022); *see also United States v. Arellano-Banuelos*, 912 F.3d 862, 865 n.2 (5th Cir. 2019) ("The proper time to closely examine the record and develop legal defenses is before the completion of briefing." (quoting *Martinez v. Mukasey*, 519 F.3d 532, 545 (5th Cir. 2008))).

[41] *See United States v. Brune*, 991 F.3d 652, 664 (5th Cir. 2021) (refusing to apply the precedent stated in published cases issued *after* a Supreme Court case that failed to "grapple[] with" the relevant question at issue), *cert. denied*, 142 S. Ct. 755 (2022); *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 794 (5th Cir. 2021) (holding similarly).

a case is insufficient,"[42] and "an intervening change in the law [cannot be] a mere 'hint' of how the [Supreme] Court might rule in the future."[43] At the same time it "is a judgment call—there is no hard-and-fast requirement, for instance, that a Supreme Court decision explicitly overrule the circuit precedent at issue, or specifically address the precise question of law at issue."[44] In other words,

> [it] depends on context. That two decisions involve different statutes is not dispositive. Sometimes a Supreme Court decision involving one statute implicitly overrules our precedent involving another statute. Sometimes it does not. The overriding consideration is the similarity of the issues decided.[45]

This said, we pause to recognize a compositional frame: the limited reach of ACCA jurisprudence. Whether a given offense falls within § 924(e)(2)(B)'s elements clause demands a focus upon the "*specific offense*, . . . asking whether the elements of that *specific crime* include the use of force."[46] In other words, a court's interpretation of the ACCA's applicability to any one crime is cabined to its text. So for one crime's status as an ACCA predicate offense

---

[42] *Gahagan*, 911 F.3d at 302 (alteration omitted) (quoting *United States v. Petras*, 879 F.3d 155, 164 (5th Cir. 2018)).

[43] *Hines v. Quillivan*, 982 F.3d 266, 271 (5th Cir. 2020) (second alteration in original) (quoting *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013)); *Petras*, 879 F.3d at 164 (holding that "mere illumination of a case is insufficient" to abrogate our circuit precedent).

[44] *In re Bonvillian*, 19 F.4th at 794.

[45] *Gahagan*, 911 F.3d at 302 (internal citations and footnote omitted).

[46] *United States v. Butler*, 949 F.3d 230, 233 (5th Cir. 2020) (emphases added). This observation sets aside broad-based rules the Supreme Court announces, such as invalidating the entire residual clause (*Johnson*) or invalidating all crimes involving a *mens rea* of recklessness (*Borden*), which obviously have far wider repercussions.

to influence the status of another offense, there must be a high degree of overlap with the precise language of the second crime's elements. Against this backdrop, we turn to *Taylor* and Texas robbery-by-threat.

*Taylor* addresses an *attempted* robbery offense, not a completed robbery. The elements of attempted Hobbs Act robbery include: (1) "intend[ing] to unlawfully take or obtain personal property by means of actual or threatened force" and (2) "complet[ing] a 'substantial step' toward that end."[47] "And whatever a substantial step requires," the Court elaborated, "it does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property."[48] This second element—the crux of the Supreme Court's reasoning—is nowhere to be found in the Texas robbery-by-threat offense.[49] The Court went further, relying upon the distinction between a completed act and an attempted act:

> The elements clause does not ask whether the defendant committed a crime of violence *or* attempted to commit one. It asks whether the defendant *did* commit a crime of violence— and it proceeds to define a crime of violence as a felony that includes as an element the use, attempted use, or threatened use of force.[50]

Given this distinction, Justice Gorsuch wrote, "[w]hatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not

---

[47] *Taylor*, 142 S. Ct. at 2020 (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007)).

[48] *Id.*

[49] *Compare* 18 U.S.C. § 1951(a), *with* Tex. Penal Code § 29.02(a).

[50] *Taylor*, 142 S. Ct. at 2022.

No. 22-10544

satisfy the elements clause."[51] *Taylor* thus expressly addresses offenses that criminalize attempts that may be undertaken without a use or threat of force. In other words, *Taylor* does not reach the crime at issue here and cannot be said to clearly overturn *Garrett*, given this Court's caution in reading a Supreme Court decision as overturning our caselaw that did not do so directly.

* * * * *

*Taylor* does not undermine or contravene *Garrett*'s conclusion that Texas robbery-by-threat constitutes a violent felony.

We AFFIRM.

_____

[51] *Id.* at 2020. Further: "Yes, to secure a conviction the government must show an intention to take property by force or threat, along with a substantial step toward achieving that object. But an intention is just that, no more. And whatever a substantial step requires, it does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property." *Id.*